**Robert Earl HALL, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16626.**

Court of Criminal Appeals of Oklahoma.

Dec. 16, 1971.

Curtis A. Parks, Public Defender, Tulsa County, for plaintiff in error.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., James E. Briscoe, Legal Intern, for defendant in error.

BUSSEY, Presiding Judge:

Robert Earl Hall, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Tulsa County, Oklahoma for the offense of Burglary in the Second Degree, After Former Conviction of a Felony. His punishment was fixed at fifteen (15) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, John Janzen testified that on the evening of July 19, 1970, he and his family left his home in the city of Tulsa, after first ascertaining that the house was locked. Upon returning from church at approximately 10:00 p. m., he discovered that the glass was broken out of the back door of his home, and that certain property was missing. The value of the property taken was in excess of Five Hundred Dollars ($500.00). He further testified that he did not know the defendant, and that he did not give him permission to go into his house.

Mildred Janzen testified to substantially the same facts as her husband, confirming that the defendant was not given permission to enter the home.

Officer Uhles testified that he assisted in the investigation of the Janzen residence, and arrived at approximately 10:50 p. m. He processed the scene of the burglary for fingerprints, and was able to lift a palm print from the outside portion of the broken glass, and two fingerprints on the inside portion of the glass.

Deputy Sheriff Kirkland was qualified as an expert witness in fingerprint identification. He testified that he made an examination of the State's Exhibit One, the latent impressions taken at the scene, with State's Exhibits Two and Three, which were known fingerprint specimens of the defendant, and was of the opinion that the same were identical.

Officer Nightengale was also qualified as an expert witness in fingerprint identification. He testified that he made a comparison between the latent fingerprint and the palm print taken at the scene with a known impression card of the defendant, and was of the opinion that they were identical.

The defendant did not testify, nor was any evidence offered in his behalf.

■ The first proposition asserts that the verdict is not sustained by sufficient evidence. The defendant argues that the fingerprints found at the scene of the crime were not sufficient evidence to submit to the jury for a determination of fact. We are of the opinion that this proposition is patently frivolous. In the recent case of Humphrey v. State, Okl.Cr., 485 P.2d 782, we stated:

"This Court has long recognized the validity of fingerprint identification. In the early case of Stacy v. State, 49 Okl. Cr. 154, 292 P. 885, this Court stated:

'We have no doubt but that the finding of the finger prints of the defendant on the door of the vault, with the further proof that defendant did not have access to and had not been at the place burglarized so that the prints could be accounted for upon any hypothesis of his innocence, is a circumstance irresistibly pointing to his guilt . . . .'

"The Court further stated in the Syllabus:

'The weight and value of the evidence is for the jury, and, where there is evidence showing that the finger prints of accused were found in the place where the crime was committed, under such circumstances that they could have been impressed only at the time of the crime, it may be sufficient to sustain a conviction.' "

The final proposition contends that the punishment is excessive. We have consistently held that the question of excessive punishment must be determined by a study of all the facts and circumstances in each case, and that the Court of Criminal Appeals does not have the power to modify a sentence, unless the Court can conscientiously say that under all the facts and circumstances, the sentence is so excessive as to shock the conscience of the Court. Roberts v. State, Okl.Cr., 473 P.2d ·264. From the foregoing statement of facts, we cannot conscientiously say that the punishment imposed shocks the conscience of the Court. The judgment and sentence is, accordingly, affirmed.

BRETT, J., concurs.