**Elmer Eudell WILLIAMS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17869.**

Court of Criminal Appeals of Oklahoma.

March 5, 1973.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

OPINION

BLISS, Presiding Judge:

In the District Court of Oklahoma County, Case No. CRF–72–458, the Appellant, Elmer Eudell Williams, hereinafter referred to as defendant, was charged, tried, and convicted for the offense of Burglary in the Second Degree. His punishment was fixed at five (5) years imprisonment. From that judgment and sentence a timely appeal has been perfected to this Court.

At the trial Mr. J. R. Dillman, the Co-Manager of the TG&Y store located at 2323 Douglas Boulevard, testified on November 19, 1971, at approximately 7:45 a. m. he arrived at the above store and observed the front plate glass window broken. Inside of the store he observed the top glass to a gun showcase broken with several guns missing. An inventory of this showcase, itemized by State's Exhibit No. 1, revealed twenty-five to thirty missing

guns valued at approximately $2,174.53. Further he stated that his observation was the first notice of the burglary he received, as the store manager, not presently employed by the company, was contacted when the silent alarm was received by the police.

Officer Richard Petit, of the Midwest City Police Department, testified he patroled the store area on the night of this incident. Officer Petit stated at approximately 12:45 a. m. on the above date he visually checked this store from his patrol car with a spotlight, determined the front door to be locked, and observed that the windows in the front of the store were intact. At approximately 1:00 a. m. he was dispatched to the store as a silent alarm had indicated an entry into the building. Upon arrival he found the southeast plate glass window broke. He and his partner entered through the opening and searched the premises. During the search they observed the top glass to a gun showcase had been broken with guns and other merchandise lying on the floor of the case. Further, he testified they did not observe any persons or vehicles at or near the premises, nor did they observe anyone leave the premises. Finally, he stated, he contacted Officer John Schwarz to investigate the scene of the burglary.

Officer John Schwarz, Identification Officer for the Midwest City Police Department, after full qualification as an expert witness, testified he was called to the store at approximately 1:20 a. m. Pursuant to his investigation of the premises he dusted for prints in the entry area and at a point approximately six and one-half feet above the floor he found latent fingerprints of an individual's left hand. The thumb print from the left hand was found on the inside of the glass and all fingerprints were on the outside. The prints were lifted from the glass and placed upon cards, State's Exhibit Numbers 2 and 3, and over a four month period were compared with approximately sixty-five print samples he had available to him. After studying these samples he requested that

Officer Gene Fansler, of the Oklahoma City Police Department, supply an additional set of fresh fingerprints of the defendant. In a comparison of the fresh fingerprint samples, State's Exhibit No. 4, with State's Exhibit Numbers 2 and 3, Officer Schwarz concluded, after explaining to the jury twelve of the identification points revealed in his comparison of these prints, in his opinion State's Exhibit Numbers 2, 3, and 4 were made by the same individual.

Officer Gene Fansler, Fingerprint and Identification Officer for the Oklahoma City Police Department, after full qualification as an expert witness, testified, on March 2, 1972, he obtained the fingerprint samples on State's Exhibit Number 4 from Elmer Eudell Williams. Officer Fansler identified the defendant as the same person from whom he took those fingerprint samples. The state rested.

For the defense, Perliene Williams, the defendant's mother, testified from the defendant's birth certificate that his birthdate was October 18, 1954. This date was contra to the date listed on the defendant's fingerprint card. The defense rested.

The first proposition asserts the verdict is not sustained by sufficient evidence. The defendant argues the fingerprints found at the scene of the crime were not sufficient evidence to warrant a submission of the case to the jury for determination of fact.

■ In the case of Hall v. State, Okl. Cr., 492 P.2d 344 (1971), this Court sustained a burglary conviction on fingerprint evidence substantially the same as the evidence in the instant case. In that case fingerprints, identified by experts as the prints of the defendant, were processed at the scene of the burglary. A palm print was lifted from the outside of a broken glass and two fingerprints were lifted from the inside portion of the glass. In the instant case the defendant's fingerprints were found both on the outside and inside of the glass in the area of the store that the burglar gained his entry. We find this

legally sufficient evidence to support the jury's verdict. We, therefore, find this proposition to be without merit.

■ The final proposition contends the punishment is excessive. We have repeatedly held that unless the punishment imposed shocks the conscience of this Court we will not disturb the jury's verdict. Jackson v. State, Okl.Cr., 494 P.2d 358 (1972). The punishment imposed is within the range established by statute. The punishment does not shock the Court's conscience and for this reason we will not disturb the jury's assessment. We, therefore, find this proposition without merit. The judgment and sentence is affirmed.

BUSSEY and BRETT, JJ., concur.