Jesus GARCIA, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–80–343.

Court of Criminal Appeals of Oklahoma.

Dec. 30, 1981.

Patti Palmer, Deputy Appellate Public Defender, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen., Jimmy D. Givens, Asst. Atty. Gen., Oklahoma City, for appellee.

## MEMORANDUM OPINION

BUSSEY, Judge:

The appellant, Jesus Garcia, hereinafter referred to as the defendant, was convicted of Robbery with Firearms, in violation of 21 O.S.Supp.1980, § 801, in Comanche County District Court, Case No. CRF–78–1196, was sentenced to a term of five (5) years' imprisonment, and he appeals.

For purposes of this opinion we deem it unnecessary to set forth the facts of this case.

### I

As his first assignment of error the defendant alleges that the extrajudicial identification of him was so impermissibly suggestive as to cast doubt upon the reliability of the in-court identification, and constituted a denial of his right to due process under the Fourteenth Amendment. However, a very careful search of the record fails to show that the defendant objected to

the identification now complained of, nor did he move to suppress the identification, nor at any time did he request an in-camera hearing to inquire into the matter. Thus, he has waived any error that might have occurred. *Hair v. State*, 597 P.2d 347 (Okl. Cr.1979); *Parker v. State*, 570 P.2d 342 (Okl.Cr.1977).

## II

 Next, the defendant complains of error by the trial court in failing to deliver a cautionary instruction on eyewitness identification; and in his fourth assignment of error he alleges that the trial court erred in failing to give instructions concerning accomplice and confession corroboration. The record reveals that the defendant did not object to the instructions that were given, nor did he request additional instructions regarding the subjects of which he now complains.[1] As this Court stated in *Holloway v. State*, 550 P.2d 1352 (Okl.Cr.1976):

> We have consistently held that where defense counsel is not satisfied with the instructions that are to be given, or desires the trial court to give a particular instruction, or to more definitely or sufficiently state any proposition embraced within the proposed instructions of the trial court, it is the duty of defense counsel to prepare and present to the trial court such desired instructions and to request that they be given. In the absence of such request, this Court will not reverse the case if the instructions generally cover the subject matter of the inquiry. (Citations omitted.)

These assignments of error are without merit.

1. The record reflects the following:
   THE COURT: Okay, let the record show that the parties have been furnished with proposed instructions numbered one through 11. Does the State have any requested written instructions?
   MR. TANNERY: No, your Honor.
   THE COURT: State have any objection to these eleven?
   MR. TANNERY: No, your Honor; they're all fine.

## III

 In his third assignment of error the defendant alleges that a hearsay statement of the defendant's companion was erroneously put before the jury. A review of the record reflects that a police officer was prohibited from testifying as to what the third party had said to him, because proper objections were raised and sustained. Thereafter, the State questioned the officer as to his actions resulting from the conversation with the third person. This testimony was not hearsay. *See, Godwin v. State*, 625 P.2d 1262 (Okl.Cr.1981). Therefore, the defendant's contention is without merit.

 Furthermore, the defendant failed to raise any of the propositions that he now argues as errors in his motion for new trial. We have held on numerous occasions that only assignments of error presented in the motion for new trial will be considered on appeal unless such error complained of is fundamental. *Hawkins v. State*, 569 P.2d 490 (Okl.Cr.1977).

For the above and foregoing reasons, the judgment and sentence appealed from is AFFIRMED.

BRETT, P. J., and CORNISH, J., concur.

THE COURT: Okay, does the Defense have any requested written instructions?
MR. LONG: No, your Honor. We have— move for an instruction as to a suspended sentence at this time.
THE COURT: Okay, that will be overruled and exception allowed. Do you have any objection to the eleven?
MR. LONG: No, I haven't.