**Gordon Ray NOVAK, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F-81-399.**

Court of Criminal Appeals of Oklahoma.

June 11, 1982.

After drinking beer together for several hours on May 15, 1980, the defendant and Mike Cyr became embroiled in an argument which culminated with Cyr being stabbed twice in the chest and sustaining injuries that left him on the verge of death.

## I

As his first assignment of error, the defendant argues that the verdict was contrary to the evidence. He bases his argument on testimony that Cyr was the original aggressor, having pursued the defendant on the night of the incident; and further, that Cyr had a propensity for fights and had in fact beaten the defendant a month and a half earlier. He relies upon *Terhune v. State*, 530 P.2d 557 (Okl.Cr. 1975), for the proposition that, "in repelling an assault a person may use such force as reasonably appears to him to be necessary under the circumstances to avoid serious or permanent bodily injury or loss of life." We agree that this is a correct statement of the law, but it does not logically follow that the jury's verdict was not in accord with the evidence.

As this Court also stated in *Terhune*, supra, quoting from *Gransden v. State*, 12 Okl.Cr. 417, 158 P. 157 (1916):

> A simple assault cannot be repelled with a deadly weapon unless the assault is such as to excite the assaulted person's fears as a reasonable man of danger to life or great bodily harm.

In the instant case, the trial court instructed the jury on the law of self-defense, and the defendant himself admits that the victim did not have a weapon. The jury could have reasonably concluded that an unarmed man did not pose a threat of great bodily harm or loss of life to the defendant and, therefore, found him guilty as charged. As we have stated on numerous occasions:

> Where, as here there is competent evidence in the record from which the jury could reasonably conclude that the appellant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, because it is the exclusive

Dietmar K. Caudle, Lawton, for appellant.

Jan Eric Cartwright, Atty. Gen., Hugh A. Manning, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Gordon Ray Novak, hereinafter referred to as the defendant, was convicted of Assault and Battery with a Dangerous Weapon, in Comanche County District Court, Case No. CRF–80–262, was sentenced to twenty (20) years' imprisonment, and he appeals.

province of the jury to weigh the evidence and determine the facts. *Morris v. State*, 607 P.2d 1187 (Okl.Cr.1980). This assignment of error is without merit.

## II

■ In his second assignment of error, the defendant complains that the trial court erred in allowing State's Exhibit Number 3, a taped interrogation of the defendant, to be played at trial. He contends that the record is void of the State labeling anything as State's Exhibit Number 3, and that the same was never admitted into evidence. After a review of the record, we find that the defendant's argument is merely a semantic one, and that the tape was properly identified, introduced and admitted.[1] Further, the defendant failed to raise the issue in his motion for new trial and it is therefore waived. *Garcia v. State*, 639 P.2d 88 (Okl.Cr.1981).

## III

■ Lastly, the defendant contends that his warrantless arrest was illegal, and therefore the resulting search, which produced a knife, was invalid. This argument is without merit. After the stabbing, Mike Harry, an eyewitness, told the police what had just occurred and took them to the defendant's house, which was nearby, where the defendant was placed under arrest. The arrest was valid pursuant to 22 O.S.1981, § 196(2) and (3).[2] Further, the defendant did not object to the admission of the knife, and did not include this contention in his motion for a new trial. See, *Garcia*, supra. This assignment of error is without merit.

For the above and foregoing reasons, the judgment and sentence is AFFIRMED.

BRETT, P. J., and CORNISH, J., concur.

---

1. The transcript reveals the following:
   Q. [Mr. Perrine] Before you answer that question, do you have the tape with you?
   A. [Detective Larry Mahamed] Yes, sir.
   Q. Would you produce it at this time?—Mark that as Number 3.—What are you taking it out of?
   A. Well, took it out of the white envelope, which has got my initials and it's sealed, and then the envelope which it was stored in.
   Q. O.K., now, State's Exhibit 3 is what?
   A. This is the cassette tape cartridge. The recording of the interview with Mr. Novak. (Tr. 74 & 75)
   
   \*  \*  \*  \*  \*  \*
   
   MR. PERRINE: At this time I would move to introduce the tape, Your Honor, and play it for the jury.
   MR. CAUDLE: May I cross examine him before—
   BY THE COURT: Pardon?
   MR. CAUDLE: May I voir dire him?
   BY THE COURT: You may cross examine on this particular point, or you want it on the whole thing? Is that all the evidence you have from this witness?
   MR. PERRINE: Yes, sir.
   BY THE COURT: All right. Yes, you may. I will reserve ruling on it. (Tr. 79 & 80)
   
   \*  \*  \*  \*  \*  \*
   
   MR. CAUDLE: I believe that's all I have, Your Honor.
   MR. PERRINE: May I play the tape, Your Honor?
   BY THE COURT: It will be admitted. (Tr. 84)
   
   \*  \*  \*  \*  \*  \*

2. Section 196. Arrest without warrant by officer.—A peace officer may, without a warrant, arrest a person:
   2. When the person arrested has committed a felony, although not in his presence.
   3. When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it.