**Roosevelt COLE and Jeffrey Don Cole, Appellants,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–81–606.**

Court of Criminal Appeals of Oklahoma.

June 16, 1982.

David Miller, Asst. Public Defender, Oklahoma County, Oklahoma City, for appellants.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen. Chief, Appellate Criminal Division, Oklahoma City, for appellee.

## MEMORANDUM OPINION

BUSSEY, Judge:

On appeal from their convictions in the District Court of Oklahoma County, in Case No. CRF–80–3716, for Attempted Burglary in the Second Degree, After Former Con-

victions of Two or More Felonies, the defendants raise a single assignment of error.

 They argue that the use of the word "Burglary," or variations thereof, throughout the proceedings deprived them of their right to a fair and impartial trial; however, they do not cite any case authority for their bald assertion.

> We have repeatedly held that an appellant must support his allegations of error by both argument and citations of authority; where this is not done, and it is apparent that appellant has not been deprived of any fundamental rights, this Court will not search the books for authorities to support mere assertions that the trial court erred. See *Perez v. State*, 614 P.2d 1112 (Okl.Cr.1980), and cases cited therein.

Furthermore, a review of the record reveals that in the sole instance that an objection to the terminology was made,[1] the trial court sustained the objection, ordered the answer stricken from the record and admonished the jury to disregard the answer.

> This Court has previously held that when a trial court admonishes the jury not to consider the remarks of counsel, or a witness, this admonition usually cures an error unless it is of such a nature, after considering the evidence, that the error appears to determine the verdict. See *Wimberli v. State*, 536 P.2d 945 (Okl.Cr. 1975), and cases cited therein.

 In light of the overwhelming evidence of guilt in the instant case, provided by uncontroverted eyewitness testimony, we feel such remarks did not sway the jury in its determination of the guilt or innocence of the defendants.

 Moreover, the defendants failed to raise this proposition as error in their motion for new trial. We have held on numerous occasions that only assignments of error presented in the motion for new trial will be considered on appeal unless such error complained of is fundamental. *Garcia v. State*, 639 P.2d 88 (Okl.Cr.1981).

For the above and foregoing reasons, the judgments and sentences appealed from are AFFIRMED.

BRETT, P. J., concurs in results.

CORNISH, J., concurs.

---

1. The record reflects the following:
   [Prosecutor]: On that afternoon, what were you looking for?
   [Witness]: Okay. I was looking for two colored subjects who had burglarized a vending machine in the Woolco Department Store that were at large in the neighborhood there.
   MR. TUDOR: I am going to object to the terminology of burglarized, that is what we are here to determine, that is a conclusion on the Officer's part and invades the purview of the Jury. THE COURT: Sustained. It will be ordered stricken from the record and the Jury is admonished to disregard the last answer of the Officer as not being responsive to the question and improper.