James Wallace HOWE, III, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-82-648.

Court of Criminal Appeals of Oklahoma.

Sept. 20, 1983.

E. Alvin Schay, Appellate Public Defender, for appellant.

Michael C. Turpen, Atty. Gen., John D. Rothman, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Presiding Judge:

James Wallace Howe, III, was convicted in Cleveland County District Court, Case No. CRF–81–321 of the offense of Murder in the First Degree. His punishment was fixed by the jury at life imprisonment. From said judgment and sentence, he now appeals, raising three (3) assignments of error.

On June 19, 1981, a body subsequently identified as Ruby Renfro, co-owner of the Holland's Lounge in Dallas, Texas, was discovered in a field in Oklahoma City. Renfro was last seen alive leaving the lounge around midnight, June 17–18. At trial, cause of death was established as strangulation and blunt trauma.

On June 25, 1981, the appellant was discovered in Tulsa in possession of the deceased's automobile. Blood stains matching the blood type of the deceased were found inside the car, as well as a piece of plastic later determined to be part of Renfro's denture plate.

The evidence at trial further established that the appellant was a former employee of Holland's Lounge, and that he was fired by the deceased several months prior to the homicide. Two witnesses testified that they had heard the appellant threaten Renfro's life; additionally, witness Crozier, co-owner of the bar with the deceased, testified that on the day he was fired, appellant Howe assaulted Renfro.

The appellant's first assignment of error is that the trial court erred in failing to submit his requested instructions on lesser included offenses. This error, however, was not properly preserved in the appellant's Motion for New Trial. We have held on numerous occasions that only assignments of error presented in the Motion for New Trial will be considered on appeal, unless such error is fundamental. *See, Nutter v. State,* 658 P.2d 492 (Okl.Cr.1983), and *Garcia v. State,* 639 P.2d 88 (Okl.Cr. 1981). The rule in this state has long been that when there is no evidence to support a lower degree of the crime charged, it is not necessary to instruct thereon. *See, Jones v. State,* 12 Okl.Cr. 255, 154 P. 689 (1916), *Irvin v. State,* 617 P.2d 588 (Okl.Cr.1980). A review of the records reveals no evidence was offered in support of the request for the instructions on the lesser included of-

fenses. Accordingly, we hold the trial court did not err in refusing to give them.

In his second assignment of error, appellant contends that the evidence was insufficient to establish that jurisdiction of the offense rested in an Oklahoma court. Here, the controlling statute is 22 O.S.1981, § 121, which places jurisdiction in the State wherein the offense is consumated. As there was competent, albeit circumstantial, evidence from which the jury could conclude that the offense charged was consummated in Oklahoma, we will not, on appeal, interfere with the verdict. *See, Renfro v. State,* 607 P.2d 703 (Okl.Cr.1980).

The appellant argues in his third assignment of error, that the trial court committed reversible error in admitting over objection State's Exhibit No. 3. This exhibit was a color photograph which accurately depicts, from a distance, the position of the victim's body and the place at which it was discovered. The claimed error arises as what appears to be brown spots on the deceased's back were later identified at trial by the Medical Examiner to be maggots.

The rule in the State has been long established that the photographic evidence must be probative with respect to a fact in issue, and that value must outweigh the danger of prejudice, in which event even a gruesome picture is admissable. *Oxendine v. State,* 335 P.2d 940 (Okl.Cr.1958). Furthermore, admissibility of such evidence is within the discretion of the trial court and will not be disturbed on appeal unless an abuse of discretion is shown. *Glidewell v. State,* 626 P.2d 1351 (Okl.Cr.1981). As the evidence went to a fact in issue, e.g., corroborative of testimony establishing jurisdiction, we cannot now say that the trial court abused its discretion. See also, 12 O.S.1981, §§ 2401, 2403.

For the above and foregoing reasons, the judgment and sentence is AFFIRMED.

CORNISH and BRETT, JJ., concur.