CHAS. BARBE v. THE TERRITORY OF OKLAHOMA.

(Filed February 15, 1906.)

1. INDICTMENT—Intent—Sufficiency. In a prosecution for larceny of domestic animals, an indictment which charges that the defendants "did then and there unlawfully, wilfully, and feloniously, by stealth, take, steal and carry away, without the consent and against the will of the true owner," certain personal property "with the unlawful and felonious intent then and there" of the defendants "to deprive the said L. C. Knee thereof and to convert the same to their own use and benefit" sufficiently charges a felonious intent to convert.

2. CHANGE OF JUDGE—Notice. While the territorial legislature may make proper provision for the orderly transmission of notice to the clerk of the supreme court when an order for a change of judge has been granted, such provision will not be held to be a restriction upon the authority of the supreme court or Chief Justice thereof to act upon other notice but will be considered only as one method by which notice of the granting of such order may be transmitted.

Opinion of the Court.

3. SAiME. Under the act of congress of Dec. 21, 1893, providing that the supreme court or the Chief Justice thereof may designate any judge to try a particular case in any distric't when certain conditions exist, the supreme court, if in session, or the Chief Justice when the supreme court is not in session, may act upon any notice which may be received that a change of judge has been granted.

4. SAME—Jurisdiction. Where an application for change of judge is granted on March 22, 1905, and the clerk of the district court of Comanche county is ordered to notify the clerk of the supreme court at Guthrie of such change of judge; and where on the same day, at Woodward, Oklahoma, at chambers, an order is made by the Chief Justice, assigning another judge to "hold the district court in the county of Comanche* * * * and to try, hear and de-'termine any and all cases and matters that may come before him in said district during the absence" of the regular presiding judge ;therefrom: Held, the judge so assigned has jurisdiction to try hear, and determine any case or matter which may come before him while acting under such order of the Chief Justice.

5. ACCOMPLICE—Sufficiency of Other Evidence. Evidence of witnesses other than accomplices examined: Held, to be sufficient to tend to connect the defendant with the commission of the offense.

6. SAME—Competency after Conviction. An accomplice, separately indicted and separately tried, after conviction is a compe'tent witness, either on behalf of the defenda,nt or for the prosecution.

7. ALIBI—When Instruction Unneccesary. To entitle the defense of alibi to consideration, the evidence must be such as to show that at the very time of the commission of the crime charged the accused was at another place so far away or under such circumstances that he could not, with ordinary exertion, have reached the place where the crime was committed so as to have participated in the commission thereof; and, in a criminal prosecution, unless the evidence fills this requirement of the law, no instruction on the subject of alibi is necessary to be given by the trial court.

(Syllabus by the Court.)

*Error from the District Court of Comanche County; before B. F. Burwell, Trial Judge.*

Ross & Anderson, for plaintiff in error.

P. C. Simons, Attorney General, for defendant in error.

Opinion of the court by

PANCOAST, J.: The plaintiff in error, jointly with Robert Barbe, J. Stien, and Roy Barbe, was indicted by the grand jury of Comanche county, charged with having on the 24th day of April, 1903, stolen two cows, eight steers and six young cows, the personal property of L .C. Knee. Demurrer to the indictment was filed and overruled. The trial was begun on March 28, 1905, a verdict of conviction was returned by the jury, and the defendant, after motion for a new trial was overruled, was sentenced to imprisonment in the penitentiary for eight years.

The plaintiff in error appealing from such judgment, assigns as the first error, that the indictment does not charge that the property was taken with the felonious intent to convert. The indictment charges that the defendants Charles Barbe, J. Stien, Robert Barbe and Roy Barbe "then and there being, did then and there unlawfully wilfully and feloniously by stealth, steal, take and carry away, without the consent and against the will of the true owner, two cows, eight steers and six young cows, the personal property of L. C. Knee, with the unlawful and felonious intent then and there of them the said Charles Barbe, J. Stien, Robert Barbe and Roy Barbe, to deprive the said L. C. Knee thereof, and to convert the same to their own use and benefit." The case of *Sullivan v. Territory,* 8 Okla. 499, is cited in support of this proposition, but upon examination of that case, we find that the indictment there did not include all of the language of the indictment in this case. The allegation of intent to convert the property to the use and benefit of the defendant was omitted from the indictment in that case, and for that reason the indictment was held to be defective. The court in

the case of *Sullivan v. Territory* cites with aproval the case
of *Hughes v. Territory,* 8 Okla., 28, and an examination of
that case discloses that the elements of the crime of steal-
ing at common law were "the wrongful or fraudulent taking
and removing the personal property, by trespass, with the
felonious intent to deprive the owner thereof, and to convert
the same to the taker's own use."

We are of the opinion that the indictment in this case
fills the requirements of the law, under the rule there enun-
ciated. The unlawful and felonious taking, the unlawful and
felonious intent to deprive the owner of the property, and to
convert the same to the taker's use, are allegations which are
all contained in this indictment.

As to the second assignment of error, it appears that on
March 22, 1905, an application was made for change of
judge, which motion was sustained, and the clerk was ordered
to notify the clerk of the supreme court of the order; and
that on the same day, at Woodward, Oklahoma, at chambers,
the Hon. John H. Burford, Chief Justice, made an order by
which the Hon. Benjamin F. Burwell, Associate Justice of
the supreme court and presiding judge of the third judicial
district, was designated "to hold the district court of the
county of Comanche, in the seventh judicial district, be-
ginning immediately, and to try, hear and determine any and
all cases and matters that may come before him in said sev-
enth district, during the absence of the Hon. F. E.
Gillette, the regular presiding judge, therefrom." It is
claimed by the plaintiff in error, that the court, as then
constituted, with the Hon. Benjamin F. Burwell presiding,
had no jurisdiction to hear and determine this case or hold
any term of court, for the reason that there had been no time

sufficient for the clerk to transmit to the clerk of the supreme court a certified copy of the order granting the change of judge, and that the Chief Justice could not have had such notice of the granting of the order of change of judge in that particular case; and counsel insist that the provision of the statute requiring notice is mandatory, and that the notice of the order being required to be submitted by the clerk to the supreme court if in session, or to the Chief Justice, if the court is not in session, could not have been given because of the insufficient time.

While the statute provides that notice of an order granting a change of judge shall be transmitted to the clerk of the supreme court, and shall be by him immediately presented to the court, if in session, or if not, then to the Chief Justice, yet we are of the opinion that this provision is not the only one that may be pursued. The only purpose of this act is to give notice to the supreme court, if in session, or to the Chief Justice, if the court is not in session, that the order for change of judge has been made; but if the court, if in session, or the Chief Justice, if the court is not in session, receives notice of such order in any other manner, we think the right clearly exists to act upon the notice, if the order for a change of judge has in fact been granted.

Before the passage of the act of December 21, 1893, by congress it was held by this court, in the case of *Stanley v. U. S.,* 1 Okla. 336, that this statute or one of similar nature, was not valid, and was not in harmony with the laws of the United States constituting the courts of this Territory; but by the act of December 21, 1893, congress provided that the supreme court or the Chief Justice thereof may designate any judge to try a particuar case or cases in any district,

when certain conditions exist.   We think that the legislature has no power or authority to restrict in any manner the carrying out of the provisions of this act, and while provisions may be made by the legislature providing for the orderly transmission of notice to the clerk of the supreme court when an order for a change of judge has been granted, this will not be held to be a restriction upon the authority of the supreme court, or the Chief Justice thereof, to act upon other notice, but will be held to be one method by which notice of the change of judge may be transmitted; and that, under the act of congress, the court, if in session, or the Chief Justice, when the court is not in session, may act upon any notice which may be received that a change of judge has been granted. The manner of giving or acquiring notice of an order granting a change of judge is not jurisdictional.

The third assignment of error is that the defendant was convicted without sufficient or competent evidence, and that the court should have sustained the motion of plaintiff in error to instruct the jury to return a verdict of acquittal.   It is claimed that the conviction was had upon the testimony of accomplices, which was not corroborated by such other evidence as tended to connect the defendant with the commission of the crime.   It is not contended that the testimony of the witnesses who were accomplices was not in itself sufficient to sustain the verdict, provided that such accomplices were corroborated by sufficient other evidence, but the claim is that they were not sufficiently corroborated under the rule laid down in section 5497 of Wilson's Annotated Statutes.

This contention has required an examination of the entire record, but before dealing with that, we wish to call at-

tention to the fact that this section of the statute does not re-
quire that the corroborating evidence shall, of itself, be suffi-
cient to warrant a verdict of conviction.   It might be, and in
many cases it is a fact, that without the testimony of an ac-
complice, the corroborating testimony would not be sufficient
to support a verdict of conviction, but this section requires
that the corroborating evidence shall only tend to connect
the defendant with the commission of the offense, not that
it shall fully show he committed the offense, but only tend to
connect him with the commission thereof.

Does the testimony in this case fill this requirement?
That the larceny was committed, the proof is ample.  L. C.
Knee, the owner of the stolen cattle, saw them about five
miles southeast. of Lawton, in  a pasture, on April  24th.
John Burton, a witness, testified that he saw the defendant
with other persons early in the morning about the 25th of
April, driving a bunch of fifteen or sixteen head of cattle,
one or two of which were cows, and the remainder young
stuff.   George Rattan testified that he, with two Indians,
after being notified by the owner of his loss, located the cattle
by trailing them to a pasture in the mountains, where he
found them among the cattle of Barbe's brand.   Rattan tes-
tifies that he located these cattle on the 29th day of April.
Frank Canton testifies in substance that he found the stolen
cattle in a pasture in the mountains with Barbe's cattle, that
he left the point where he started and followed the trail, went
to where Barbe's cattle were kept, and found the stolen
cattle there, in the mountains.   Mrs. Francis Davis says that
she saw the defendant on the 29th day of April at her home;
that he came there early in the morning, and told Roy Barbe,
his brother, to round up these cattle, and put them in another

place, that Knee, Kirk and Carter were on track of them, and that the defendant and his brother Roy went away for the purpose of changing the location of the cattle. We have stated only the substance of the testimony of the different witnesses upon these points, but we have shown sufficient we think to make it clearly appear that there was corroborating evidence tending to connect the defendant with the commission of the offense.

It is also contended, under this head, that the witnesses who were accomplices of the defendant, were not competent to testify as witnesses in this case, and it is insisted that under the common law, a defendant in a criminal prosecution can testify neither for nor against his co-defendants, and that our statute has not modified this rule with reference to an accomplice. No authorities are cited in support of the contention of counsel, and we think his position is not upheld by the adjudicated cases. In the American & English Encyclopedia of Law, 2nd edition, vol. 1, page 393, the rule is laid down that notwithstanding the common law rule that persons interested in an inquiry were inadmissible as witnesses, an accomplice never has been regarded as incompetent, but his testimony may be received either against his associates in crime or in their behalf, and in support of this rule numerous decisions are cited from several intermediate courts of the United States, as well as from the states of Arkansas, California, Colorado, Georgia, Illinois, Indiana, Iowa, Louisiana, Massachusetts, Montana, New York, Ohio, Tennessee, Texas, Vermont and Virginia. The reason for the rule is that of public policy and necessity, since in many cases it was scarcely possible to detect conspiracies and many worse offenses without the aid of those who were im-

plicated in the crime. In 12 Cyc., 451, it is stated that an accomplice separately indicted and separately tried is a competent witness against other defendants, and the same authorities hereinbefore noted, with others, are cited to sustain the proposition. On page 453 of the same authority, it is stated that one accomplice separately indicted is a competent witness for the other, unless there is a statute to the contrary. We think that counsel has confounded the rule here contended for with the rule that under the common law accomplices jointly indicted and jointly tried were usually not competent witnesses for each other. Under the English common law rule, even where defendants were jointly indicted but tried separately, they were held to be competent witnesses, and this is the rule by statute in some of the states. Again, the rule is stated to be that an accomplice jointly indicted with the accused but acquitted or convicted is a competent witness for him, and also that one of several persons jointly indicted, who has been convicted or who has pleaded guilty, is a competent witness for the prosecution.

The remaining assignment of error is that the court erred in not instructing the jury upon the question of *alibi*. An examination of the record in this case does not disclose that any request was made for any such instruction, and further, an investigation of the evidence does not disclose such a state of facts as would require the court to give an instruction on the question of *alibi*, for the reason that the evidence is not sufficient to entitle the defendant to acquittal, even though the jury may have believed all that was testified to upon the subject of his being at another place when the crime was committed. To entitle the defense of *alibi* to consideration, the evidence must be such as to show that at the very

time of the commission of the crime charged, the accused was at another place so far away or under such circumstances that he could not, with ordinary exertion, have reached the place where the crime was committed so as to have participated in the commission thereof. The evidence does not meet this requirement of the law.

Having examined the record, finding no error therein, believing that the defendant has had a fair and impartial trial, and that the evidence fully sustains the verdict, the judgment of the court below is affirmed.

Burwell, J., who presided in the court below, not sitting; all the other Justices concurring.