Karl Lee MYERS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-79-540.

Court of Criminal Appeals of Oklahoma.

Feb. 2, 1981.

---

3. *Chase v. State*, Okl.Cr., 541 P.2d 867 (1975); *Sizemore v. State*, Okl.Cr., 507 P.2d 1330 (1973).

4. *Frazier v. State*, Okl.Cr., 607 P.2d 709 (1980).

David L. Thompson, Garrette & Stockwell, Miami, for appellant.

Jan Eric Cartwright, Atty. Gen. of Oklahoma, Dwayne N. Rasmussen, Asst. Atty. Gen., Oklahoma City, for appellee.

## MEMORANDUM OPINION

BRETT, Presiding Judge:

Before this Court is an appeal by Karl L. Myers from a conviction for Assault with Intent to Commit Rape, First Degree, on a female victim who was twelve (12) years of age, 21 O.S.1971, § 681, After Former Conviction of a Felony, in the District Court of Ottawa County, Case No. CRF–78–359. The judgment and sentence, which was entered on May 9, 1979, was vacated on appel-lant's motion to provide him with the opportunity to perfect his appeal. Judgment and sentence was re-imposed on July 24, 1979, and his punishment was set at 20 years' imprisonment. He now raises four (4) assignments of error, which would substantially address the following issues: sufficiency of the evidence and prosecutorial misconduct.

In his first two assignments of error, the appellant attacks the sufficiency of the evidence to sustain a verdict of guilty. A careful reading of the transcript has led this Court to conclude that the State did present a prima facie case and that the trial court properly overruled the appellant's demurrer and that the jury was provided with sufficient evidence to reach their decision. See *Colbert v. State*, 567 P.2d 996 (Okl.Cr., 1977).

As his third argument on appeal, the appellant sets forth several closing comments, made by the State, which he says constituted reversible error. While this Court does not condone remarks by the prosecutor which are obviously intended to distract the jurors from the primary issue of guilt and thereby prejudice the appellant, the alleged errors are not properly before this Court due to the failure of the defense to object to any of these remarks so that the trial court could admonish the jury to disregard the prosecutor's statements. See *Cantrell v. State*, 561 P.2d 973 (Okl.Cr., 1977). The policy considerations underlying this rule are to draw the alleged error to the attention of the trial court and to provide that court an opportunity to correct any error at the time of trial. A defendant cannot expect silence in the face of trial error to support the reversal of his conviction on appeal.

Finally, the appellant contends that the jury was prejudiced by the State's allegedly improper cross-examination of the appellant regarding his prior convictions. The contention fails for two reasons: First, the defense again neglected to enter its

objections at trial, *Williams v. State*, 557 P.2d 920 (Okl.Cr., 1976); and, second, the fact that the appellant received the minimum sentence after two former convictions necessitates the conclusion that he was not prejudiced by the State's comments. See 21 O.S.Supp.1980, § 51 B.

The judgment and sentence is, therefore, AFFIRMED.

BUSSEY and CORNISH, JJ., concur.