**Michael Don GOODWIN, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–81–780.**

Court of Criminal Appeals of Oklahoma.

Nov. 16, 1982.

Hegel Branch, Jr., Duncan, for appellant.

Jan Eric Cartwright, Atty. Gen., Robert C. Smith, Jr., Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Michael Don Goodwin, hereinafter referred to as the defendant, was convicted of Second Degree Murder, in the District Court for Stephens County, Case No. CRF–80–204, was sentenced to twenty (20) years' imprisonment and appeals.

On the night of August 29, 1980, sometime between the hours of 10:00 and 11:00 p.m. a shooting occurred in the parking lot of a private club in Duncan, Oklahoma. An eyewitness to the shooting testified that the defendant had fired the gunshots which resulted in the victim's death. A friend of the defendant who had been in the bar that night, when asked at trial, "When the shot went off, do you recall—remember looking back and seeing Mike Goodwin in the bar?" replied "Yes, Sir." Other witnesses testified that the defendant was in the bar both prior and subsequent to the shooting.

■ The defendant as his first assignment of error asserts that the trial court erred when it refused to give an instruction on the defense of alibi. Defendant's requested instruction was in essence identical with the instruction recommended for use by this Court in *Stuart v. State,* 35 Okl.Cr. 103, 249 P. 159 (1926). See also, *Cortez v. State,* 415 P.2d 196 (Okl.Cr.1966).

An issue of great concern at the trial was whether the defendant was inside the bar or whether he had stepped outside the bar unnoticed for the few brief minutes required to kill the victim. There is no question that at the relevant time, the defendant was in close proximity to where the crime was committed. See, *Story v. State,* 73 Okl.Cr. 273, 120 P.2d 387 (1941). In *Gregg v. State,* 69 Okl.Cr. 103, 101 P.2d 289 (1940) this Court when confronted with "a so called 'fifteen minute alibi' where all of defendant's testimony [showed] that he was in the immediate vicinity where the alleged offense occurred" held as follows:

Alibi is a physical circumstance and derives its entire potency as a defense from the fact that it involves the physical impossibility of the guilt of the accused. *Harris v. State,* 120 Ga. 167, 47 S.E. 520.

In the case of *Barbe v. Territory,* 16 Okl. 562, 86 P. 61, our court laid down the following rule: 'To entitle the defense of alibi to consideration, the evidence must be such as to show that, at the very time of the commission of the crime charged, the accused was at another place so far away or under such circumstances that he could not, with ordinary exertion, have reached the place where the crime was committed so as to have participated in the commission thereof; and, in a criminal prosecution, unless the evidence fills this requirement of the law, no instruction on the subject of alibi is necessary to be given by the trial court.'

In the case of *People v. Charles,* 9 Cal.App. 338, 99 P. 383, the court held that it was not error to refuse to instruct on the defense of alibi, where the accused's proof did not show that he could not have been at the place of the offense at the time shown by the prosecution.

In view of the evidence we hold that the defendant was not at such a distance as would justify the giving of an instruction upon the question of an alibi. Accordingly, defendant's first assignment of error is without merit.

■ Defendant in his second assignment of error contends that the trial court erred when it gave an instruction on voluntary intoxication but failed to instruct on manslaughter as a lesser offense and the alleged mitigating effect of voluntary intoxication. However, defendant has failed to present this Court on appeal with a record showing that he objected to the complained of instruction, or that he submitted written instructions covering the issues of which he now complains. In order for a defendant to preserve an alleged error for appellate review he must first designate that portion of the record which covers the matter so the court may properly review it. *Martinez v. State,* 569 P.2d 497 (Okl.Cr.1977). Accord-

ingly, we find that defendant has waived further consideration of the matters set forth in his second assignment of error thereby rendering it without merit.

For the reasons herein stated, the judgment and sentence appealed from is AFFIRMED.

BRETT, P.J., and CORNISH, J., concur.