**Paul A. VIGIL, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F-82-540.**

Court of Criminal Appeals of Oklahoma.

July 19, 1983.

Opio Toure, Asst. Appellate Public Defender, for appellant.

Michael C. Turpen, Atty. Gen. of Okl., Michael Scott Fern, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Presiding Judge:

The appellant, Paul A. Vigil, was convicted in Garfield County District Court, Case No. CRF–81–352, of Rape in the First Degree, was sentenced to ten (10) years imprisonment and a fine of one thousand dollars ($1,000), and he appeals.

In view of the nature of the allegations of error raised by the appellant on appeal, we deem it unnecessary to set forth the facts of this case.

I.

In his first assignment of error, the appellant argues that the trial court

committed reversible error by delivering Instruction No. 4 to the Jury over his objection, and asserts that the instruction[1] omits the element of consent and embodies a presumption of guilt. As this Court has often held, instructions are to be considered as a whole and not separately. *Lester v. State,* 562 P.2d 1163 (Okl.Cr.1977). When the instructions given in this case are viewed as whole, it is readily apparent that the trial court did instruct on the element of consent (Instructions No. 2, No. 3 and No. 8), and no improper presumption of guilt was created. This assignment of error is wholly without merit.

## II.

In his second assignment of error, Vigil contends that prosecutorial comments made during closing argument were prejudicial and inflammatory and denied him a fair trial. However, the record is silent as to any contemporaneous objection to the comments, nor is there any request for an admonishment to the jury regarding them, therefore, any alleged error has been waived. *Smith v. State,* 594 P.2d 784 (Okl. Cr.1979). While some of the remarks were unnecessary and are not to be condoned, they were not so grossly improper, in light of the evidence presented and the punishment assessed, as to have affected the verdict of the Jury; thus, no modification or reversal is required. *See, Chaney v. State,* 612 P.2d 269 (Okl.Cr.1980).

## III.

In his third and final assignment of error, the appellant maintains that the judgment should be modified to vacate the fine of one thousand dollars ($1,000) imposed upon him, because he is indigent. While it is true that this Court has modified fines when the defendant is indigent, *Gee v. State,* 538 P.2d 1102 (Okl.Cr.1975); *Gatewood v. State,* 519 P.2d 924 (Okl.Cr.1974); it is likewise true that this Court has declined to modify judgments on other occasions by vacating fines imposed. *See,* for instance, *Houston v. State,* 591 P.2d 310 (Okl.Cr. 1979), and cases cited therein. Further, as the State asserts in its brief, it is clear from the transcript made of the formal pronouncement of sentencing that the trial Judge was not unduly punishing the appellant, but was merely following the dictates of 21 O.S.1981, § 142.18(A).[2] We decline to modify the Judgment.

Accordingly, the judgment and sentence is AFFIRMED.

CORNISH and BRETT, JJ., concur in result.

---

1. Instruction No. 4 is as follows:
   The essential guilt of rape consists in the outrage to the person and the feelings of the victim.
   You are further instructed that any sexual penetration, however slight, is sufficient to complete the crime of rape.

2. Section 142.18(A) is as follows:
   In addition to the imposition of any costs, penalties or fines imposed pursuant to law, any person convicted or pleading guilty to a felony involving criminally injurious conduct shall be ordered to pay a victim compensation assessment of at lease Twenty-five Dollars ($25.00), but not to exceed Ten Thousand Dollars ($10,000.00), for each crime for which he was convicted. In imposing this penalty, the court shall consider factors such as the severity of the crime, the prior criminal record, and the ability of the defendant to pay, as well as the economic impact of the victim compensation assessment on the dependents of the defendant.