Randall SHOEBOOT, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–83–673.

Court of Criminal Appeals of Oklahoma.

Oct. 15, 1985.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Terry Jenks, Legal Intern, Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Randall Shoeboot a/k/a Rendall James Shoeboot, was convicted in the District Court of Okmulgee County, Case No. CRF–81–240, of First Degree Burglary, After Former Conviction of Two Felonies, and First Degree Rape, After Former Conviction of Two Felonies, for which he received sentences of twenty (20) years' imprisonment and forty (40) years' imprisonment, respectively, and he appeals raising two assignments of error.

Briefly stated, the twenty-one-year-old prosecutrix, who was confined to a wheelchair, testified that in the early morning of January 1, 1981, she was trying to go to sleep on a small couch in the living room of her Okmulgee residence when she heard a noise at the window in the bedroom. Receiving no answer to her question, "Who is it?" she got into her chair and attempted to leave through the front door, but was grabbed from behind, slapped, pulled from her chair onto the floor and raped by a man wearing a green ski mask, which covered his face, light blue sweater, blue jeans, and black gloves. He was leaving as a car drove up carrying the prosecutrix' husband, his sister, and a male friend. They all saw the man outside of the house as he was leaving the area and gave descriptions roughly matching that of the prosecutrix. Hearing screams, the three ran inside the house and were told by the prosecutrix that she had just been raped. A few minutes later, the appellant, whom the two men and the prosecutrix had met before, came to the door and was instantly recognized by

the prosecutrix from his attire and his voice as the rapist. After she identified him, he denied the act and left when her husband attempted to get a gun. The prosecutrix later discovered that her purse was missing. During the trial, she positively identified the appellant as the rapist.

The appellant admitted that he was at the home of the prosecutrix that night, but claimed to be there by invitation and denied that he had sexual intercourse with the prosecutrix. He also admitted returning to the house later, but maintained he was wearing a black and white pinstripe suit with a white shirt and black tie.

In his first assignment of error the appellant argues that the trial court erred in overruling his demurrer (more properly termed motion for a directed verdict) because the testimony of the prosecutrix was inconsistent, contradictory, and unbelievable, and that the corroboration of her testimony was insufficient as a matter of law to send the case to the jury. The basis for the appellant's assertions are as follows: First, the prosecutrix should have been more certain of the amount of time which elapsed between the rapist's escape and her husband's arrival; Second, he asserts that a rapist's returning to the scene of a rape dressed in the same attire is incredible; Third, the examining physician should have mentioned the cut on the inside of the prosecutrix' lip, which was evidence of being slapped, in his report if she had a cut; and, Fourth, although he found sperm from vaginal washings, the sperm should have been motile only one and one-half hours after the rape occurred. We are not persuaded that these instances made the testimony of the prosecutrix inconsistent, contradictory, and unreliable. An examination of the record shows that her testimony viewed as a whole was clear and logical. See, *Gamble v. State*, 576 P.2d 1184 (Okl. Cr.1978). Further, the record reveals that the victim's testimony was sufficiently corroborated during the State's case-in-chief. See, *Bruner v. State*, 612 P.2d 1375 (Okl. Cr.1980). We find that a prima facie case was established by the State, and that the motion for a directed verdict was properly denied. See, *Renfro v. State*, 607 P.2d 703 (Okl.Cr.1980).

For his second assignment of error, the appellant complains of improper prosecutorial remarks during closing argument. The record reveals no objections were made by the appellant's trial attorney. Therefore, this assignment of error was not preserved for review. See, *Myers v. State*, 623 P.2d 1035 (Okl.Cr.1981). Furthermore, we find the comments were not such as to have determined the verdict of the jury and are not so grossly improper as to require reversal or modification. See, *Frazier v. State*, 607 P.2d 709 (Okl.Cr.1980).

The judgments and sentences appealed from are AFFIRMED.

PARKS, P.J., and BRETT, J., concur.