Darnell HENDERSON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–84–157.

Court of Criminal Appeals of Oklahoma.

March 31, 1986.

Patti Palmer, Deputy Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Darnell Henderson, was convicted of First Degree Rape, in Pittsburg County District Court, Case No. F–83–226, was sentenced to forty (40) years imprisonment, and he now appeals.

On June 9, 1983, at approximately 4:00 a.m., seventy-six-year-old D.M. was awakened by a knock at the door of her home in Hartshorne, Oklahoma. Peering from her bedroom window, she was unable to determine the intruder's identity, but she was able to see that he was wearing blue jeans. She warned him to leave or she would shoot him. A few minutes later, however, she heard a noise in the bath-

room, and without turning on any house lights, she arose to investigate. She testified that her dog had been thrown through the bathroom window from outside, and was lying in the bathtub. As she backed out of the bathroom, she was grabbed from behind, struggled with her assailant, and was dragged to her bedroom where she was raped. Although the darkness prevented her from seeing her attacker's face, she was able to determine that he was black by feeling his face and hair. After the rape, she got off the bed, and she immediately ran out of the house and up the street to her son's house where the police and an ambulance were immediately called.

Dr. Riley Murphy, a physician at the McAlester Regional Hospital, testified that he examined D.M. when she arrived at the emergency room and that in addition to having bruises on her knees, elbows, and one hip, she was bleeding from the vagina, which had the type of lacerations that are consistent with forcible rape, and that surgery was necessary to repair the damage.

Dean Day, a Hartshorne police officer, testified that after receiving the rape call at about 4:10 a.m., he went to the living room of D.M.'s home where he found a black billfold, which contained a card with the appellant's name on it, that he then went to appellant's home twice, but he was not there, and that at 5:45 a.m. that same morning, appellant went to City Hall and there he reported to the police that his billfold had been stolen. Shortly thereafter, he was arrested. He gave the police permission to search his home where they found a pair of blue jeans which were covered with blood, not yet dried, on the crotch and zipper.

Mary M. Long, a criminologist for the Oklahoma State Bureau of Investigation, testified that the blood type on the jeans matched D.M.'s blood type; that "A" anti-gens, which appellant's blood contains, were also present on the blue jeans; and that dog hair was found on them as well. Hair removed from the zipper of the blue jeans was microscopically consistent with pubic hairs of D.M., and pubic and scalp hairs taken from the bedspread of D.M.'s bed matched the pubic and scalp hairs of the appellant.

Appellant testified that he did not rape D.M., that he had been at his brother's house until between 4:00 a.m. to 4:20 a.m., that he had been on foot, and that he lives over ten blocks from his brother. His brother's testimony corroborated the time as being about 4:00 a.m. when appellant left. He further testified that the blue jeans were not his, and that he had never worn them. On cross-examination, while his attorney was making an objection, the appellant volunteered this statement, "All I know is my pants, my pants right there was found in the house."

■ For his first assignment of error, the appellant complains of improper prosecutorial remarks. However, only one of those remarks was properly preserved by an objection. Where there is no contemporaneous objection to such comments, nor is there any request for an admonishment to the jury regarding them, any alleged error is waived. *Vigil v. State*, 666 P.2d 1293 (Okl.Cr.1983), and *Myers v. State*, 623 P.2d 1035 (Okl.Cr.1981). Although some of the remarks were unnecessary, and not to be condoned, they were not so grossly improper as to affect the jury's verdict in light of the overwhelming evidence against the appellant.

■ The comment preserved by an objection was in the form of a question in which the prosecutor asked the jury during closing arguments if they would be satisfied on the evidence presented if the victim were a member of their family.[1] The trial court

---

1. PROSECUTOR:
   Ladies and gentlemen of the jury, I've got one question I want to ask you and I'm addressing this question to everybody on the jury. If there was one thing different about this case, just one thing, and if that one different thing was that instead of Ms. Dupire—same evidence same whole thing, same case, only difference was that the victim was a lady in your family, would you

properly sustained the objection, admonished the jury not to consider it, and admonished the prosecutor not to repeat it.[2] We find that any error was cured by that admonition. *Kitchens v. State,* 513 P.2d 1300 (Okl.Cr.1973).

■ For his second assignment of error, the appellant contends that he was entitled to a jury instruction on his alibi defense.

To entitle the defense of alibi to consideration, the evidence must be such as to show that, at the very time of the commission of the crime charged, the accused was at another place so far away or under such circumstances that he could not, with ordinary exertion, have reached the place where the crime was committed so as to have participated in the commission thereof; and, in a criminal prosecution, unless the evidence fills this requirement of the law, no instruction on the subject of alibi is necessary to be given by the trial court.

*Goodwin v. State,* 654 P.2d 643, 644 (Okl. Cr.1982). The appellant admitted during cross-examination that he was on foot within one block of the victim's house about the time of the rape. Therefore, he was not entitled to such an instruction. This assignment of error is also without merit.

For the above reasons, the judgment and sentence appealed from is AFFIRMED.

BRETT, J., concurs.

PARKS, P.J., concurs in part, dissents in part.

PARKS, Presiding Judge, concurring in part/dissenting in part:

I concur in the affirmation of this conviction. However, I am of the opinion that the remarks of the prosecutor were so improper as to require modification of this sentence. The majority states, and I agree, that the unobjected to comments by Assist-

ant District Attorney Neal Whittington did not constitute fundamental error, so as to require reversal. *Supra* at 692. *See also Glass v. State,* 701 P.2d 765 (Okl. Cr.1985). However, we have stated that "[i]n determining whether the sentence is excessive, we will consider the entire record, including improper matter received without objection, and, where justice requires, will modify the sentence." *Freeman v. State,* 681 P.2d 84 (Okl.Cr.1984).

In this case, the prosecutor three times called the appellant a liar, and made comments that can only be construed as an attempt to create societal alarm in the minds of the jury. We have previously condemned these arguments. *See Cobbs v. State,* 629 P.2d 368 (Okl.Cr.1981). Although the prosecutor's request that the jurors picture one of their family members as the victim was met with a successful objection and admonishment, this comment obviously was improper, and could also have had an affect on the punishment verdict returned.

Accordingly, I would hold that this sentence is excessive in light of the prosecutor's unfortunate remarks, and would modify the sentence herein to twenty-five (25) years' imprisonment.

---

be satisfied on this evidence for me to ask a jury to convict—(Tr. II, 121, 122).

**2.** THE COURT:
Sustained. That is improper argument. The jury will be admonished to disregard it. We have picked a jury that is not related to anybody

in this case and it is highly improper. It is an attempt to inflame you and I admonish you to disregard it. It has nothing to do with guilt or innocence in this case and the attorney will be admonished not to repeat that.