Timothy William **TRISSELL**, Appellant,

v.

**STATE of Oklahoma, Appellee.**

No. F–84–836.

Court of Criminal Appeals of Oklahoma.

May 29, 1987.

Rehearing Denied June 16, 1987.

David Autry, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Robert E. Kall, Legal Intern, Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Timothy William Trissell, was convicted of the crime of Burglary in the Second Degree, After Former Conviction of a Felony, in the District Court of Beckham County, in Case No. CRF–84–8 and was sentenced to twenty (20) years' imprisonment, and he appeals.

On January 7, 1984, when Dottie Burns returned home from bowling, she noticed that the back door of her house was open. She thought she had locked the door before she left as locking the door is a standard procedure with her. She then closed and locked the back door since she was about to leave her house again. Mrs. Burns then went into the kitchen to get a drink of water and she heard the sound of someone coming through the swinging doors which separate the living room from the kitchen. When she turned around, she saw appellant running to the back door, and while appellant attempted to unlock the back door, she began to scream and appellant turned his head towards her and motioned her not to scream. Mrs. Burns then ran to a neighbor's house and called the police. After an investigation by the police, Mrs. Burns took an inventory and found that two guns, several knives, and some jewelry were missing. Mrs. Burns gave a description to the police, and one of the officers thought the description fit someone he knew. Mrs. Burns suggested that if she had a high school yearbook she could confirm or deny whether the person suggested by the police was the perpetrator. After looking through the yearbook, she pointed out appellant's photograph to the police officers. Appellant was not the individual that the officer had originally suggested as a suspect.

Approximately one week later, a Beckham County Deputy Sheriff arrested appellant at his mother's house. When the officer went to the house to arrest appellant, the appellant was in the attic. After the arrest, the officer removed a pair of white cotton gloves and a knit stocking cap from appellant's hip pocket.

At trial, appellant presented the defense of alibi. He and his mother testified that he was at her house watching television when the burglary occurred.

For his first assignment of error appellant asserts that the trial court committed fundamental error by failing to instruct on his alibi defense theory. We first observe that appellant failed to object to the instructions given and further failed to request an alibi instruction; thus, this assignment was waived. *Maghe v. State*, 620 P.2d 433 (Okl.Cr.1980). Moreover, to entitle the defense to an alibi instruction the accused's proof must show that he could not have been at the place of the offense at the time shown by the prosecution. *Goodwin v. State*, 654 P.2d 643, 655 (Okl.Cr. 1982). In the present case, both appellant and his mother testified that he was in his room watching television when the burglary occurred. However, since the house in which appellant was staying was only one and one-half (1½) blocks from the victim's house, appellant failed to show that with ordinary exertion he could not have reached the place where the crime was committed so as to have participated in the commission thereof. *Baxter v. State*, 364 P.2d 705, 708 (Okl.Cr.1961). This assignment is groundless.

Appellant next contends that the fruits of the crime seized during his arrest should have been suppressed at trial be-

cause the arrest warrant was constitutionally defective. However, appellant failed to enter an objection to the arrest and further failed to file a motion to suppress the admission of the items. This Court has consistently held that an objection to evidence obtained by an illegal arrest must be interposed at the first opportunity by motion to suppress the evidence or during the course of the examination as soon as it becomes apparent that the State will rely on the evidence. *Martinez v. State,* 453 P.2d 304 (Okl.Cr.1969). Failure to object waives the right to raise this assignment on appeal. *Id.* This assignment is meritless.

■ As his third assignment of error appellant argues that there was insufficient evidence presented for the jury to find him guilty of Burglary in the Second Degree in that the State failed to prove beyond a reasonable doubt the element of breaking. In support of this contention, appellant points to the fact that at the preliminary hearing Mrs. Burns stated that, "When I went in I went to the kitchen and my back door was open. I thought I had shut it and locked it. I slammed it and locked it again and turned around to get a glass of water and a guy came running through my kitchen." (PH Tr. 4) He argues that her statement that she thought she had shut the door and locked it leaves a reasonable doubt as to whether the door was closed, and therefore whether there was a breaking to enter the house. However, we note that on the very next page of the preliminary hearing transcript Mrs. Burns unequivocally stated that she did shut her doors and windows before leaving the house that day. (PH Tr. 5) Furthermore, at trial she stated that she did shut her back door and locked it before leaving the house on the day of the burglary Viewing the evidence in the light most favorable to the State, we are of the opinion that a rational trier of fact could have found the essential elements of the crime of Burglary in the Second Degree. *Spuehler v. State,* 709 P.2d 202 (Okl.Cr.1985). This assignment lacks merit.

■ In his fourth assignment of error appellant alleges that the trial court committed fundamental error by failing to instruct the jury on the lesser included offense of entering buildings or structures with certain intent. We note from the record that appellant did not object to the trial court's failure to give such instructions nor did he request such instructions; thus, he has waived his right to assert these issues on appeal. *Jetton v. State,* 632 P.2d 432 (Okl.Cr.1981). Additionally, appellant argues as his defense that he did not commit the crime he was charged with; therefore, any instructions concerning lesser included offenses were properly not given. *Vaughn v. State,* 697 P.2d 963 (Okl.Cr. 1985). We find no error.

■ Appellant finally urges that prosecutorial misconduct deprived him of a fair trial. However, we have reviewed the record and find that appellant failed to object to any of the alleged instances of misconduct; therefore, all error not of a fundamental nature is waived. *Tahdooahnippah v. State,* 610 P.2d 808 (Okl.Cr. 1980). Finding no fundamental error, this assignment of error is without merit.

Finding no error warranting reversal or modification, the judgment and sentence is AFFIRMED.

BRETT, P.J., concurs.

PARKS, J., concurs in results.