Jimmy Robert WEEKS, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–86–468.

Court of Criminal Appeals of Oklahoma.

Nov. 20, 1987.

Gloyd L. McCoy, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Jimmy Robert Weeks, was charged, tried and convicted in the District Court of Rogers County of Lewd Molestation, After Former Conviction of a Felony and was sentenced to thirty (30) years imprisonment. From this judgment and sentence, he appeals.

On September 9, 1985, the appellant was living at the home of B.M. in Claremore, Oklahoma. While B.M. and her family were in another room, the appellant was alone with B.M.'s five-year old son, R.M., in R.M.'s room. When B.M. entered her son's bedroom, she observed R.M. with his pants and underwear pulled down below his knees. She then saw the appellant's shadow as he left the room and subsequently followed him to the other bedroom, where she observed the appellant leaning against the wall trying to fasten his pants. B.M.'s oldest son, C.L., then entered the room and also observed the appellant trying to fasten his pants. He then turned the appellant around and observed that the appellant's belt and pant's button were undone. Subsequently, B.M. saw a neighbor and asked him to call the police. Terry Gene Monroe, II, a Rogers County child welfare worker, interviewed R.M. after the incident. In that interview, R.M. said that the appellant unfastened and pulled down R.M.'s pants and underwear and placed his hands and mouth on R.M.'s penis, and that the appellant left the room to fasten his pants when his mom came into the room.

■ In his first assignment of error, the appellant contends that improper prosecutorial comments denied him a fair trial. The disputed comments related to societal alarm, eliciting sympathy of the jury, and the appellant's previous sentence. All of the alleged improper comments were waived for failure to object except for the comment on appellant's prior sentence. *Myers v. State*, 623 P.2d 1035 (Okl.Cr. 1981). When the prosecutor commented on appellant's prior sentence, which appellant alleges was a comment on the pardon and parole system, trial counsel objected, and the trial court sustained the objection and

admonished the jury. The court's admonition to the jury not to consider the prosecutor's remarks usually cures an error unless it is of such a nature after considering the evidence that the error appears to have determined the verdict. *Kitchens v. State*, 513 P.2d 1300 (Okl.Cr.1973). Considering the strong evidence of guilt and the court's admonition to disregard the comment, we find that any error is harmless as it did not prejudice the jury nor influence their verdict. This assignment of error is without merit.

■ Secondly, the appellant contends that the State's witnesses violated the rule of sequestration when C.L. and his brother, R.M., spoke in the hall during the trial. At the outset, we note that it is not error alone that requires the reversal of a judgment and conviction, but error plus injury, and the burden is on the appellant to establish the fact that he was prejudiced in his substantial rights by the commission of error. *Thompson v. State*, 519 P.2d 538 (Okl.Cr. 1974). The only information relayed from R.M. to C.L. was that R.M. told the trial court about C.L. having been in jail. This fact was revealed on direct examination, which would only have the effect of lowering the credibility of C.L.'s testimony. No information concerning the facts relevant to the appellant's case was conveyed. Moreover, the facts of C.L.'s testimony had already been presented before the jury by R.M., B.M. and Terry Monroe, the child welfare worker who interviewed R.M. after the incident. The result of this conversation was harmless and does not mandate reversal. Hence, we find no error.

■ In his third assignment of error, the appellant contends that his thirty (30) year sentence was excessive. We disagree. In view of the circumstances of this case, and the fact that appellant was convicted in 1983 of the same crime, we cannot say that the sentence is so excessive as to shock the conscience of this Court. *Moran v. State*, 555 P.2d 1085 (Okl.Cr.1976). This assignment is without merit.

■ The appellant next alleges that the evidence presented at trial was not suffi-

cient to warrant his conviction. The jury heard the testimony of R.M., which revealed that the appellant removed R.M.'s pants and underwear, placed his hands and mouth on R.M.'s penis and left the room. The testimony of B.M. and C.L. further corroborated R.M.'s testimony when they testified that they observed R.M. with his pants down, followed the appellant into the adjoining bedroom, and saw him trying to fasten his pants. After reviewing the evidence in a light most favorable to the prosecution, we conclude that any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. *Spuehler v. State,* 709 P.2d 202 (Okl.Cr.1985). This assignment is without merit.

Finally the appellant contends that even if this Court does not consider the previous assignments of error to be sufficient for reversal, the cumulative effect of the errors necessitates that this case be remanded for a new trial. We disagree. This Court has consistently held that if previous errors are without merit, then the propositions when considered collectively are also meritless. *Black v. State,* 664 P.2d 1054 (Okl.Cr.1983).

The judgment and sentence is AFFIRMED.

BRETT, P.J., concurs.

PARKS, J., concurs in part and dissents in part.

PARKS, Judge, concurring in part and dissenting in part:

Although I concur in the affirmance of the appellant's conviction, I respectfully dissent to the refusal to modify on the basis of improper prosecutorial comments. My examination of the record reveals that the prosecutor improperly made comments relating to societal alarm when he told the jury that children are "not safe anywhere" when crimes like lewd molestation are committed "in a child's own bedroom." The prosecutor also mentioned the "classic" case where a man "pulls up in a big black car ... gives a little girl a piece of candy and gets her in the car with him." This

Court has consistently condemned remarks invoking societal alarm. *See Henderson v. State,* 716 P.2d 691, 693 (Okl.Cr.1986) (Parks, J., concurring in part and dissenting in part); *Cobbs v. State,* 629 P.2d 368, 369 (Okl.Cr.1981); *Cooper v. State,* 584 P.2d 234, 238 (Okl.Cr.1978). The prosecutor also improperly alluded to the possibility of pardon and parole, and requested sympathy for the victim. *See Satterlee v. State,* 549 P.2d 104, 111 (Okl.Cr.1976); *Scott v. State,* 649 P.2d 560, 563 (Okl.Cr. 1982).

While I concur in the affirmation of the conviction, I am of the opinion that the improper remarks of the prosecutor require modification of the appellant's sentence. *See Henderson v. State,* 716 P.2d 691, 693 (Okl.Cr.1986) (Parks, J., concurring in part and dissenting in part); *Freeman v. State,* 681 P.2d 84, 86 (Okl.Cr.1984). Accordingly, I would hold that this sentence is excessive in light of the prosecutor's improper remarks, and would modify appellant's sentence to fifteen (15) years' imprisonment.