977 F.2d 596
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 George SLOAN, Petitioner,
v.
Jack COWLEY, Warden of Joe Harp Correctional Facility; the
Attorney General of the State of Oklahoma, Respondent.
 No. 92-7020.
 United States Court of Appeals, Tenth Circuit.
 Oct. 5, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 George Sloan (Sloan), appeals from an order of the United States District Court for the Eastern District of Oklahoma denying habeas corpus relief sought pursuant to 28 U.S.C. § 2254. We affirm for the reasons stated below.
 
 
 3
 Sloan was convicted of possession of a controlled substance with intent to distribute and sentenced to fifteen (15) years. The judgment and sentence were affirmed on direct appeal to the Oklahoma Court of Criminal Appeals, and a subsequent petition for rehearing filed by Sloan was denied by the appellate court. Following the denial of his petition for rehearing, Sloan filed a Petition for Writ of Habeas Corpus in the United States District Court for the Eastern District of Oklahoma. The district court denied Sloan's petition, adopting the findings and recommendation of the magistrate judge that the state had provided Sloan an opportunity for full and fair consideration of his Fourth Amendment claim.
 
 
 4
 On appeal to this court, Sloan contends that the sole issue is whether the state district court violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution by shifting the burden of proof to Sloan in his challenge to a warrantless search. However, the threshold question is whether Sloan was afforded an opportunity for full and fair litigation of his Fourth Amendment claim. See Stone v. Powell, 428 U.S. 465 (1976).
 
 
 5
 It was held in Stone v. Powell that,
 
 
 6
 where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.
 
 
 7
 428 U.S. at 482. Sloan contends that, based on Gamble v. State, 583 F.2d 1161 (10th Cir.1978), he was not awarded a full and fair opportunity to litigate the issue. We disagree.
 
 
 8
 In Gamble, the court focused on the "opportunity" aspect of the Stone court holding regarding the opportunity for full and fair litigation. Using the "opportunity" aspect focused on by the Gamble court, we held in Sanders v. Oliver, 611 F.2d 804, 808 (1979), cert. denied, 449 U.S. 827 (1980) that "opportunity includes procedural opportunity to raise a claim, and it includes a full and fair hearing."
 
 
 9
 In its opinion of July 23, 1990, the Court of Criminal Appeals for the State of Oklahoma stated that, "[n]o objection was made by [Sloan] that the search warrant or the arrest were in any way improper." (Appellant's Appendix at p. 55). The court further stated,
 
 
 10
 The question before us now does not require a resolution of whether or not the warrant was proper. Although this Court has never addressed the issue, we find that the proper inquiry is not the validity of the warrant, but whether the officers had probable cause independent of the evidence seized as a result of the warrant to effect the arrest at the time the warrant was obtained. (citations omitted) ... Having thus identified the focus of our scrutiny, we are compelled by the record in this case to find that no resolution of the issue is necessary. Although [Sloan] objected to the admission of the evidence obtained from the house on double jeopardy grounds and to the evidence seized from the cars as a violation of Burks v. State, (citation omitted), there was no objection made to the legitimacy of the arrest or the subsequent admission of the evidence found as a result of the arrest. Accordingly, we find that [Sloan] has waived our consideration of this alleged error. Minter v. State, 756 P.2d 10 (Okla.Cr.1988); Trissell v. State, 737 P.2d 1228 (Okla.Cr.1987); Smith v. State, 695 P.2d 1360 (Okla.Cr.1985).
 
 
 11
 (Appellant's Appendix at pp. 55-56).
 
 
 12
 The Trissell court held that the failure to object to an arrest and the failure to file a motion to suppress the evidence obtained during the illegal arrest constitutes waiver of the defendant's right to raise the issues on appeal. 737 P.2d at 1230. The Minter court held similarly that the failure by the defendant to object, prior to or during the trial, to evidence obtained as a result of her arrest, constituted waiver of any alleged error. 756 P.2d at 12. The Smith court held that when the defendant failed to object to either the arrest or the seizure of evidence, the court would review any contention regarding the validity of the arrest or seizure only for fundamental error. 695 P.2d at 1362.
 
 
 13
 The Supreme Court held in Rakas v. Illinois, 439 U.S. 128 (1978) that the defendant has the burden of establishing that his own Fourth Amendment rights were violated by the challenged search and seizure, 439 U.S. at 130 n. 1, thus demonstrating that the defendant must first challenge the search and seizure.
 
 
 14
 We have applied to Fourth Amendment issues the long held rule that when a party to the litigation fails to raise an issue below, we will not consider it for the first time on appeal unless the party demonstrates that an impediment existed which prevented the party from raising the argument at the trial level. United States v. Dewitt, 946 F.2d 1497, 1499 (10th Cir.1991), cert. denied, 112 S.Ct. 1233 (1992). See also, United States v. Rascon, 922 F.2d 584 (10th Cir.1990), cert. denied, 111 S.Ct. 2037 (1991) (defendant waived the issue of the validity of his detention by not challenging it below); United States v. Pettit, 903 F.2d 1336 (10th Cir.1990), cert. denied, 111 S.Ct. 197 (1990) (defendant precluded from raising issue regarding legality of search on appeal when the issue was not raised in the trial court); Johnson v. Meacham, 570 F.2d 918 (10th Cir.1978) (habeas corpus review precluded by independent, adequate state procedural ground when 28 U.S.C. § 2254 petitioner failed to move to suppress evidence or to timely object at trial). See also, Wainwright v. Sykes, 433 U.S. 72 (1977) (waiver of right to object to admission of confession through the failure to make contemporaneous objections at trial applies with equal force to failure to move to suppress or object to evidence allegedly obtained in violation of the Fourth Amendment).
 
 
 15
 In the landmark case of Mapp v. Ohio, 367 U.S. 643 (1961) where the Supreme Court held for the first time that all evidence obtained by searches and seizures in violation of the Fourth Amendment to the United States Constitution is, by virtue of the due process clause of the Fourteenth Amendment, inadmissible in a state court, the court added this caveat: "As is always the case, however, state procedural requirements governing assertion and pursuance of direct and collateral constitutional challenges to criminal prosecutions must be respected." Id. at 659, n. 9. It is universally the rule that it is necessary for an accused who desires that evidence be excluded at his trial on the ground that it was obtained by unlawful search and seizure to make a timely objection to its introduction. 50 ALR2d Anno. 539, §§ 11 and 12, pp. 583-92.
 
 
 16
 The record and relevant caselaw demonstrate that Sloan had a full and fair opportunity to raise the Fourth Amendment issue at trial, but that he failed to take advantage of the opportunity. This constituted a waiver of his right to challenge the issues in a § 2254 proceeding.
 
 
 17
 AFFIRMED.
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3