## LAWRENCE SMITH v. STATE.

No. A-8454.   Jan. 6, 1933.
(18 Pac. [2d] 282.)

Phillips & Boner, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.  Plaintiff in error, hereinafter called defendant, was convicted in the district court of Bryan county of the crime of robbery with firearms, and his punishment fixed by the jury at imprisonment in the state penitentiary for a period of five years.

The evidence of the state was that on the 17th day of September, 1931, at about 10 o'clock in the evening, Cloyd Smith was driving his Plymouth sedan automobile near the Durant nursery, accompanied by Orlan Hawkins, Curtis Roberson, Hazel Cates, Irene McGahey, and Mary Lessie Cochran, all students of the State Teachers' College at Durant; that as they drove slowly past the nursery, one man jumped on the running board on the left-hand side, and another man on the right-hand side of the car, and, thrusting in pistols, told the occupants that one of the men had shot a fellow and had to make a quick get-

away, and that they wanted the car; that the driver speeded up the car and steered into a fence post, either knocking or causing one of the men to fall off the running board; that the other man struck one of the girls over the head with his pistol and snapped it two or three times at the driver, but it failed to fire; that when the car was run into the fence post one of the back doors was torn off; that the parties got out of the car and turned it over to the two men, who drove away leaving the broken door; that later the car was found abandoned near Denison, Tex.; that the officers took the door to finger print experts, who made photographs and found the finger prints of defendant on the car door. The parties in the car were unable to identify the robber, except to say that he was about the same size and build and general appearance of defendant; that it being a dark night, they were unable to see his features.

Defendant admitted that he was at the carnival, near the place where a man named Hubbard had been robbed and shot and near where the automobile was taken, but denied that he had anything to do with the taking. He introduced several alibi witnesses.

Defendant's first contention is that this evidence is insufficient to support the verdict of the jury.

In Stacy v. State, 49 Okla. Cr. 154, 292 Pac. 885, in a similar case, this court held the evidence sufficient.

Defendant next contends that the court erred in the admission of the evidence of F. E. Carson, a finger print expert. Defendant in his brief says:

"Upon this proposition the appellant was inclined to believe that he had a real case for reversal, until we read the case of Stacy v. State, found in 49 Okla. Cr. 154, 292

Pac. 885, in which case the Oklahoma court has taken practically all the wind out of our sails."

In the recent case of Braley v. State, 54 Okla. Cr. 219, 18 Pac. (2d) 281, this court reaffirmed the doctrine in the Stacy Case, but went a step further, and said:

"The experiments were not made with the finger prints of defendant, but with those of other persons for the purpose of testing the ability of the witness to identify finger prints made by different or particular persons.

"The rule that the test must be made on similar material and under like conditions would apply if the test was being made of the finger prints of defendant, but it has no application where the tests are made of the finger prints of other persons and merely for the purpose of testing the knowledge and ability of the witness."

It is next contended that the judgment should be reversed because of alleged improper conduct on the part of the county attorney.

In some instances the questions asked by the county attorney were proper and were admitted without objection; in others the questions were improper, but answered without objection. Some of the questions asked were improper and, on objection, the court sustained the objection and admonished the jury not to consider the questions.

Complaint is also made of some questions asked by the county attorney on cross-examination of defendant. The record discloses that the rulings of the trial judge were uniformly in favor of defendant, and nothing is therefore presented to this court for review.

Complaint is also made that the court erred in giving instruction No. 3 on circumstantial evidence.

240

No objection was made to this instruction and no exception taken to the giving of the same. This instruction is substantially the same as that approved by this court in Carter v. State, 6 Okla. Cr. 232, 118 Pac. 264.

No substantial error appearing in the record, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.