**Granville Lee HUMPHREY, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A-15911.**

Court of Criminal Appeals of Oklahoma.
May 12, 1971.
Rehearing Denied June 17, 1971.

Ed McConnel, Oklahoma City, for plaintiff in error.

Larry Derryberry, Atty. Gen., Mike D. Martin, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Granville Lee Humphrey, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County for the offense of Burglary in the Second Degree, After Former Conviction of a Felony; his punishment was fixed at twenty (20) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial adduced that Mrs. Marie Culver lived at 5400 South Walker in Oklahoma City in a house owned by her for fifteen years. She testified that she was alone on April 2, 1968, when at 2:45 p. m. she heard someone at the door leading to the garage. Thinking it was her husband, she remained in her bedroom at the opposite end of the house until she heard the wooden door in question bursting. Upon entering the en-

tryhall, she saw a man in the kitchen hall and another man holding open the glass storm door. Although she could not positively identify the defendant as one of the men, she testified the defendant looked like the man in the kitchen hall. Mrs. Culver further testified her Cadillac automobile was parked in the garage about three feet from the doorway going into the house; that she had last driven the car the previous Sunday to go to church only, and had not driven the car Monday or Tuesday, the second of April being Tuesday. Her husband had a car of his own and did not drive her car. Mrs. Culver testified she had not seen the defendant around her car on Sunday when she drove the car to church nor any time prior to the incident.

The State next called William T. Burke, a police officer for Oklahoma City for five and one-half years, who testified he was trained in fingerprint identification and had two years experience with the Oklahoma City Police Department, where he had examined and compared over two hundred thousand fingerprints. He made an investigation of the reported burglary where he found the plywood entrance door from the garage heavily damaged and the lock torn off the facing. He also examined the Cadillac automobile parked in the garage, finding a latent fingerprint on the left-front fender below the top of the fender. After lifting the print, he enlarged it at police headquarters and compared it with those in the master file kept at police headquarters. In comparing the print found at the house with the prints in the master file of the defendant, Burke found nine points of identification on both prints were identical. He testified that, in his opinion, only five points of identification are necessary to match prints, and that the print found at the scene was the defendant's print. He further testified that in his examination of thousands of prints, he found no two identical. Burke further stated that if a print is put on an automobile and the automobile is driven around two or three days and then stored, the print would no longer be on the automobile because of weather conditions and air currents.

The defendant did not testify, nor was any evidence presented in his behalf.

■ On appeal the defendant asserts that the trial court erred in overruling his Demurrer to the evidence for the reason that the State did not present facts sufficient to sustain a conviction. This Court has long recognized the validity of fingerprint identification. In the early case of Stacy v. State, 49 Okl.Cr. 154, 292 P. 885, this Court stated:

"We have no doubt but that the finding of the finger prints of the defendant on the door of the vault, with the further proof that defendant did not have access to and had not been at the place burglarized so that the prints could be accounted for upon any hypothesis of his innocence, is a circumstance irresistibly pointing to his guilt. * * *"

The Court further stated in the Syllabus:

"The weight and value of the evidence is for the jury, and, where there is evidence showing that the finger prints of accused were found in the place where the crime was committed, under such circumstances that they could have been impressed only at the time of the crime, it may be sufficient to sustain a conviction."

See also Smith v. State, 54 Okl.Cr. 236, 18 P.2d 282 and Lester v. State, Okl.Cr., 416 P.2d 52.

■ We are of the opinion that there was sufficient evidence, although entirely circumstantial, from which the jury could reasonably find the defendant guilty and under such circumstances the verdict of conviction will not be disturbed on appeal on the ground of insufficiency of evidence.

■ The final proposition contends that the trial court erred in giving the "good

time credits" instruction during the second stage of the proceedings. This proposition is well taken. In Williams v. State, Okl. Cr., 461 P.2d 997, we stated:

"Where it appears that the giving of an erroneous instruction, together with other errors not requiring reversal, may have caused the jury to impose a greater sentence, in the interest of justice the judgment and sentence will be modified and as so modified, affirmed.

The judgment and sentence is accordingly Modified to a term of Fifteen (15) years imprisonment, and as so modified, the judgment and sentence is Affirmed. Modified and Affirmed.

NIX and BRETT, JJ., concur.