**Charles Henry PRICE, Jr., Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F–73–224.**

Court of Criminal Appeals of Oklahoma.

Feb. 6, 1974.

Leslie R. Earl, Asst. Public Defender, Tulsa County, for appellant.

Larry Derryberry, Atty. Gen., Michael Jackson, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Charles Henry Price, Jr., hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Tulsa County, Case No. CRF–69–1243, for the offense of Rape in the First Degree. His punishment was fixed at eighty (80) years imprisonment and from said judgment and sentence, a timely appeal has been perfected to this Court.

Briefly stated the facts are that in the early afternoon of August 5, 1969, Glenda Gail Robinson, the prosecutrix, had gone into a laundromat near her home. At the laundromat she met the defendant. He introduced himself and asked if he could go help her hang out a bedspread to dry. She replied, "No." The prosecutrix then went home and hung up the bedspread. She returned to the laundromat approximately thirty minutes later to remove her clothing from the dryer and to fold them. The defendant began folding her undergarments and asked her whether his so doing embarrassed her and she replied, "If it didn't embarrass him, it didn't embarrass her." Defendant then asked where she lived and she indicated by waving her arm and saying "over there." She left the laundromat after telling defendant she would not go out with him. Approximately one hour later the defendant walked into the prosecutrix's apartment without knocking. At the time of defendant's entry, she was talking on the phone and the defendant attempted to kiss her and push her down on the bed. After again refusing to go out with the defendant, he wrote down her phone number which he noted from the phone and left.

After returning from work at approximately 8:00 p. m. that evening, the prosecutrix's boyfriend came over to visit her. He stayed until approximately 3:00 or 3:30 a. m. At various times during the evening the phone rang, but no one was on the line. Also, sounds were heard from outside. Before leaving, the prosecutrix's boyfriend investigated outside to find the source of the noise; nothing was found. Thereafter, the prosecutrix went to sleep. A short time later she was awakened by a pounding upon the window near the head of her bed. She asked, "Jerry?" (her boyfriend's name) and a voice responded, "No, it's Chuck, let me in." Seconds later the defendant broke in. He removed her pajama top and panties. She hit him on the head with an iron bar as he grabbed her. She fought with him until she became limp with him choking her. The defendant threatened to kill her if she yelled for help and if she tried to escape, someone outside would cut up her face. The defendant began raping her and she lost consciousness. When she regained consciousness, he was still raping her. Another person, whose name was Ray, was with the defendant and was present in the apartment while the defendant raped the prosecutrix. Later she drove the defendant, after letting out Ray on a nearby street, to the country. There he wanted to have intercourse again, but she begged him not to. The defendant complied stating, "you're not worth it anyway, get back in the car." They returned to the prosecutrix's apartment and the defendant checked to see if Ray was there. Before defendant left he said he would see her after work and if she told the police, she would be killed. The prosecutrix immediately went to her sister's home where the police were called.

The defendant's first proposition of error contends that the prosecutor's argument to the jury was prejudicial and beyond the contemplated liberal range of discussion permitted by counsel in closing argument.

We first note from the record that only one of the statements made by the prosecutor now complained of on appeal was objected to by the defendant. In the case of Neal v. State, Okl.Cr., 506 P.2d 936 (1973), this Court held in Syllabus 5:

"When an objectionable statement is made by the prosecution, it should be called to the attention of the court by timely objection, together with a request that the jury be instructed to disregard the improper statement and in the event that the objection is overruled, an exception should be taken to the ruling of the court, preserved and argued in the Motion for New Trial. When this is not done the defendant is deemed to have waived any objection unless the remarks are so fundamentally prejudicial that the court cannot, by instructions to the jury, correct such error."

Further, we have thoroughly reviewed the closing argument of the prosecutor and are of the opinion that the complained of argument was reasonable argument of the evidence introduced in this case. In the case of Valenti v. State, Okl.Cr., 392 P.2d 59 (1964), this Court held in Syllabus 3:

"The right of argument contemplates a liberal freedom of speech, and the range of discussion, illustration, and argumentation is wide. Counsel for both the State and defendant have a right to discuss fully from their standpoint the evidence, and the inferences and deductions arising therefrom."

We therefore find no merit to this proposition.

Defendant's final proposition asserts the punishment is excessive. In the case of Roberts v. State, Okl.Cr., 473 P.2d 264 (1970), this Court held in Syllabus 2:

"The question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each particular case, and the Court of Criminal Appeals does not have the power to modify a sentence unless we can conscientiously say that under all facts and circumstances the sentence is so excessive as to shock the conscience of the court."

Also, see Futerll v. State, Okl.Cr., 501 P.2d 901 (1972).

In the instant case we cannot say that the punishment imposed for a crime of this nature shocks the conscience of this Court.

Therefore, finding the record free of any error which would justify modification or reversal, it is our opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BLISS, P. J., concurs.

BRETT, J., specially concurs.

BRETT, Judge (specially concurring):

I concur that this conviction should be affirmed, but believe the sentence should be modified as being excessive.