**David Allen LUKER, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–75–623.**

Court of Criminal Appeals of Oklahoma.

June 15, 1976.

Charles W. Stubbs, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Mary Ann Karns, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, David Allen Luker, hereinafter referred to as defendant, was charged; tried and convicted in the District Court, Oklahoma County, Case No. CRF-74-4025, for the offense of Second Degree Burglary, in violation of 21 O.S. 1971, § 1435. The jury fixed his punishment at five (5) years' imprisonment, however, upon judgment and sentencing the trial court erroneously modified his punishment to four (4) years' imprisonment. From said judgment and sentence an appeal has been perfected to this Court.

At the trial, Fred Lightsey first testified for the State that he was the owner of a tavern known as the Silver Spur Bar at 2401 South Agnew in Oklahoma County, and was well acquainted with defendant. At about 7:00 a. m. on November 23, 1974, defendant came to the witness' home under the influence of alcohol or other drugs, but departed after the witness refused to loan him some money. The witness later proceeded to his tavern where several police officers had gathered and observed that both the juke box and cigarette vending machine had been forcibly burglarized. He did not learn that the keys to the tavern were missing until one of the police officers present returned them to him. The witness further testified that he had not given defendant permission to enter the closed tavern nor permission to take the keys.

Donald Max Lovelace next testified for the State that he operated a route for the vending machine company that had placed

a cigarette vending machine at the Silver Spur Bar. On November 23, 1974, he went to the tavern and ascertained that without authority the machine had been forcibly opened and was empty of money.

Officer Robert Taylor, of the Oklahoma City Police Department, then testified that at about 7:30 a. m. on November 23, 1974, he was notified that the alarm had sounded at the Silver Spur Bar and arrived there almost immediately. Defendant was observed slowly trotting from the area in front of the tavern carrying two brown paper bags containing a large amount of change. Defendant informed the officer that he worked for the owner of the tavern and had been in the tavern all night. When asked for some proof that he worked at the tavern, defendant stated that he had some keys to the front door and as he reached for his pocket a revolver dropped from his trousers. Defendant was then arrested for carrying the revolver and the officer obtained the keys which he subsequently released to the owner of the tavern. Upon entering the unlocked front door to the tavern, the officer discovered two screwdrivers upon the floor just inside the doorway and observed that the juke box and cigarette machine had been forcibly entered. Defendant was then informed that he was also under arrest for burglary. The officer further testified that defendant was not intoxicated although he could detect the odor of alcohol about his person.

Officer Gary James, a fingerprint technician assigned to the Identification Division of the Oklahoma City Police Department, next testified as the final witness for the State that on the morning of November 23, 1974, he was sent to the Silver Spur Bar. He there obtained a latent fingerprint matching defendant's fingerprint from the coin box that had been removed from within the burglarized cigarette vending machine.

Defendant testified as the only witness in his behalf that he became intoxicated on the night of November 22, 1974, and re-membered nothing after accepting a "red" that someone placed in his beer. (Tr. 68) The next morning defendant was still intoxicated when he went to the tavern owner's home and asked "about buying one of those pills." (Tr. 68) The tavern owner told defendant that he had some at the tavern, and after giving defendant his keys said he would meet defendant there shortly. At the tavern defendant discovered that the juke box and cigarette machine had been burglarized, and acknowledged touching the coin box which had been removed from the cigarette machine. Defendant found two brown paper sacks containing change and a gun underneath the counter and was taking them to the tavern owner's home to report the incident when he was arrested.

In his first assignment of error defendant contends that the evidence was wholly circumstantial and insufficient to sustain his conviction for the Second Degree Burglary of the tavern building since the proof did not exclude every other reasonable hypothesis except that of guilt. In support thereof, defendant cites several cases for the well settled principle that where the evidence for the prosecution is wholly circumstantial, and is such as fairly permits an inference consistent with innocence, it will not support a conviction. See, *Sies v. State,* 6 Okl.Cr. 142, 117 P. 504 (1911). However, a criminal case may be proved circumstantially and reasonable inferences drawn from circumstantial evidence have the same probative effect as does direct testimony. Additionally, circumstantial evidence need not exclude every hypothesis or negate any possibility other than guilt. See, *Logan v. State,* Okl.Cr., 493 P.2d 842 (1972). Where a conviction rests upon circumstantial evidence, and circumstances are proved from which a reasonable and logical inference of guilt clearly arises and which excludes any reasonable hypothesis except the guilt of the accused, the Court of Criminal Appeals will not disturb the verdict for insufficien-

cy of the evidence even though the evidence is conflicting. See, *Lamb v. State,* Okl.Cr., 375 P.2d 987 (1962).

In the present case, the evidence presented by the State clearly established that the closed tavern was entered without authority, and both the juke box and cigarette vending machine within the building were forcibly opened with the cigarette machine being emptied of money; that prior to being apprehended near the tavern defendant had some opportunity to seize the keys to the building from the owner; that after the burglary alarm sounded defendant was observed in the immediate vicinity of the tavern trotting away with the keys to the tavern in his possession and two paper sacks containing a large amount of change; that defendant then admitted to having been in the tavern and contended that he was employed there; that the tavern owner had not granted defendant authority to enter the tavern or be in possession of the keys to the building; that defendant's fingerprint was found upon the coin box which had been removed from within the cigarette vending machine, however, this particular evidence was essentially cumulative to defendant's admissions. In his defense, defendant contended that he simply discovered the burglary after the tavern owner had given him the keys and permission to enter the building.

■ Defendant presents some argument that the evidence was insufficient to establish a breaking and entering that would constitute Second Degree Burglary under 21 O.S.1971, § 1435. However, the breaking necessary to constitute the crime of burglary may be by any act of physical force, however slight, by which obstructions to entering are forcibly removed, and the opening of a closed door in order to enter a building may constitute a breaking. See, *Fish v. State,* Okl.Cr., 505 P.2d 490 (1973), and *Byington v. State,* Okl.Cr., 363 P.2d 301 (1961). While the evidence tending to identify defendant as the person who committed the alleged offense was principally circumstantial, we are of the

opinion that the State clearly sustained its burden in introducing proof sufficient to sustain the conviction, and that the defense introduced by defendant simply presented a question of fact for the exclusive determination of the jury. See, *Campbell v. State,* Okl.Cr., 493 P.2d 1126 (1972), and *Smith v. State,* 54 Okl.Cr. 236, 18 P.2d 282 (1933). Where there is evidence, although entirely circumstantial, from which the jury may reasonably and logically find the defendant guilty, the weight, credibility and probative effect of such evidence is for the jury, and the Court of Criminal Appeals will not disturb the verdict for insufficiency of the evidence. See, *Matthews v. State,* Okl.Cr., 530 P.2d 1044 (1975), and *Edwards v. State,* Okl.Cr., 508 P.2d 699 (1973). Accordingly, we hold this assignment to be wholly without merit.

■ In his second assignment of error defendant contends that improper and prejudicial remarks were made by the prosecutor in his final closing argument, as follows:

". . . we all hear about the rights of these defendants. Oh, gracious sakes, this great constitution gives all these criminals their rights, but I submit to you, ladies and gentlemen, that this consitution (sic) of ours gives the ordinary man and woman that believe that an honest days work is the way to make a living, gives them some rights and I submit to you if this nation doesn't wake up some day to that concept of thinking, we are going to have a fallen nation. We have subsidized thousands and millions of dollars just for the criminal, give them more rights, give them more right. We hear it all the time."

"Yet the poor woman who is raped, the man who is shot, the child who is molested, nothing is said about their rights at all."

"Now, I am giving (sic), and our office is getting awfully tired of this, we are trying to stop these burglaries and this

robbery thing across this country and across the state." (Tr. 104)

However, no objection or request for admonishment was interposed to such argument. We have repeatedly held that a timely objection must be made to improper argument during the trial, and defendant must go further and move that the objectionable argument be stricken from the jury's consideration, unless the remarks were so fundamentally prejudicial that any error could not be cured by admonishment. See, *Neal v. State*, Okl.Cr., 506 P. 2d 936 (1973), and *Gaddis v. State*, Okl. Cr., 447 P.2d 42 (1968). In arguing that an objection will cure nothing and simply creates error, defendant asks in his brief, "Will the food be more suitable for eating by the removal of the fly than before?" (p. 6) We must reject such argument as an imperfect analogy which attempts to equate foodstuff with the human brain and oral communication with the bacteria from a fly. Since the foregoing remarks of the prosecutor were clearly not fundamentally prejudicial this assignment is not properly before this Court for review and must be dismissed.

 In his final assignment of error defendant contends that fundamental error was committed by the trial court in not providing him a copy of the presentence investigation report. This Court recently affirmed defendant's conviction for Robbery With a Dangerous Weapon in *Luker v. State*, Okl.Cr., 552 P.2d 711 (1976), and this same assignment of error was presented therein and held to be without merit. Since judgment and sentence in the instant case was pronounced on the same occasion immediately after judgment and sentence was imposed in that case, our discussion therein is also dispositive of this assignment of error.

 As previously observed, the jury assessed defendant's punishment at imprisonment for a term of five (5) years, but upon judgment and sentencing the trial court erroneously modified defendant's sentence to imprisonment for a term of four (4) years. The transcript upon judgment and sentencing reflects that the trial court undertook such action in the belief that there was "some possibility" the closing argument of the prosecutor may have inflamed the jury. (Tr. 22) As heretofore discussed, defendant failed to preserve any such error for review by not timely interposing an objection to the remarks of the prosecutor and requesting an admonishment. In any event, the trial court clearly exceeded its authority in modifying the sentence assessed by the jury. In *Bean v. State*, 77 Okl.Cr. 73, 138 P.2d 563 (1943), this Court recognized that where the jury declare the punishment in their verdict within the limitations fixed by law, the district courts of this State must render a judgment according to such verdict and are without authority to modify the punishment assessed by the jury in pronouncing judgment upon the conviction. In such a case, authority for judicial modification of the sentence is vested exclusively in this Court. See, 22 O.S.1971, §§ 926 and 1066. Although upon judgment and sentencing the trial court exceeded its authority in modifying the sentence assessed by the jury in *Green v. State*, Okl.Cr., 501 P.2d 219 (1972), our affirmance of that defendant's direct appeal is not precedent for such action by the district courts of this State since the issue was simply not addressed therein. A distinction must be drawn, however, insofar as collateral challenges under the Post Conviction Procedure Act are concerned. See, 22 O.S.1971, §§ 1080 et seq. This is for the reason that *to the extent* this Court could appropriately exercise modification authority under 22 O.S.1971, § 1066, the Post Conviction Procedure Act confers such authority upon the district courts of this State in *collateral* proceedings thereunder, subject to appeal for review by this Court. See, 22 O.S. 1971, §§ 1085 and 1087, and *Cunningham v. State*, Okl.Cr., 500 P.2d 1338 (1972). Ac-

cordingly, we approve and adopt as a holding of this case the foregoing observation from *Bean v. State,* supra, and are of the opinion that the trial court must be directed to enter its order correcting the judgment and sentence to conform to the verdict of the jury with respect to the punishment imposed therein. However, this decision does not in any manner preclude the trial court from entertaining an application for suspension of judgment and sentence in either whole or part after appeal pursuant to the provisions of 22 O.S.1971, § 994, assuming that with respect to this conviction defendant otherwise qualifies for such consideration under the provisions of 22 O.S. 1971, § 991a.

For the above and foregoing reasons, the judgment and sentence appealed from is AFFIRMED, with directions that the trial court enter its order correcting the same to conform to the verdict of the jury with respect to the punishment imposed therein, and transmit a copy of the judgment and sentence, so corrected, to the Clerk of this Court to be filed herein, the Department of Corrections, the Warden of the State Penitentiary, the Pardon and Parole Board, and the Clerk of the trial court filed the original in the case appealed from.

BRETT, P. J., concurs in results.

BLISS, J., concurs.