**Danny CROAN, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–83–599.**

Court of Criminal Appeals of Oklahoma.

June 6, 1984.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Thomas L. Spencer, Asst. Atty. Gen., Oklahoma City, for appellee.

## MEMORANDUM OPINION

BUSSEY, Presiding Judge:

The appellant, Danny Croan, hereinafter referred to as the defendant, was convicted of First Degree Rape After Former Conviction of Two or More Felonies in Okmulgee County District Court. Case No. CRF–82–316, was sentenced to thirty-five (35) years' imprisonment and he appeals.

The prosecutrix testified that on October 18, 1982, she agreed to go to a party with the defendant, whom she had known for a year, and his brother, Chuck, but she asked to get out of the defendant's car in which the three were riding when she realized she was not going to a party. She testified that the defendant proceeded to drive down the "dump road" in Okmulgee County and stop, whereupon the defendant began to choke her. She stated that Chuck got out of the car and ran down the road because he did not want to become involved. After threatening to kill her, the defendant proceeded to have intercourse with her in the back seat of the car against her will. The prosecutrix further testified that she never used or sold the drug PCP.

Okmulgee Police Officer Frank Blackwell testified that Chuck flagged him down on the road as he was driving home and together they returned to the defendant's car. Blackwell stated that he saw the defendant's head come up from the back seat,

that he heard a muffled call of "help me" from someone in the car, that when defendant got out of the car he was nude from the waist down, that he saw the prosecutrix lying in the back seat partially disrobed and that the defendant fled the scene.

Defendant testified that the three of them went to the dump road so that the prosecutrix could sell them some PCP, which he and his brother injected into themselves. Defendant stated that Chuck ran away because he (the defendant) had threatened to stomp Chuck after Chuck had hit the prosecutrix and that he (the defendant) was about to have voluntary intercourse with her when Officer Blackwell drove up. He denied threatening her or choking her and stated that he fled because he did not want to get caught with drugs.

Dr. Phillip Isham testified that he examined the prosecutrix and concluded that she had been forcibly raped.

## I.

◼ Defendant's initial assignment of error is that he was unduly prejudiced by a so-called "evidentiary harpoon" by Officer Blackwell, who, when asked by the prosecutor how he could be sure that the defendant was over eighteen years old responded, "[h]e's been sent down", referring to the defendant's prior incarceration. In *Bruner v. State*, 612 P.2d 1375 (Okl.Cr.1980), this Court enunciated six factors of an evidentiary harpoon.[1] After examining the entire testimony of Officer Blackwell, the remark, when read in context, appears to this Court to have been made inadvertently and not wilfully jabbed. Moreover, we are unable to see how the comment prejudiced the defendant in light of the overwhelming evidence of his guilt and the court's admonition to the jury not to consider the statement. *Kitchens v. State*, 513 P.2d 1300 (Okl.Cr.1973). This assignment of error is without merit.

## II.

◼ In his second assignment of error, the defendant claims the trial court erred by allowing evidence of other crimes over defense counsel's objection. Defendant argues that evidence of the crime of Resisting Arrest was brought to the jury's attention when he admitted during cross-examination that he had had a "scuffle" with the officers who arrested him at his mother's house approximately one and one-half hours after the alleged crime. Defendant's contention is not well-taken. We stated in *Walker v. State*, 608 P.2d 1156 (Okl.Cr. 1980), evidence of the evasive tactics and force used by the defendant in attempting to elude police and avoid capture is admissible as an exception to the general rule which excludes evidence of other crimes.

◼ Further, we note that this alleged error was not included in his motion for new trial and therefore was improperly preserved for appellate review. *Nutter v. State*, 658 P.2d 492 (Okl.Cr.1983); *Hawkins v. State*, 569 P.2d 490 (Okl.Cr.1977).

Accordingly, this assignment of error is without merit.

## III.

◼ Defendant asserts two instances of prosecutorial misconduct in the closing argument as his final assignment of error. He contends that the following comment was improper because it was designed to evoke sympathy for the prosecutrix: "This lady, 19 years of age now, this happened last October and she's had to live with that since that time. It's affected her life and it will affect her for the rest of her life. She still has come here today to tell you what happened." (OR. 141) After reading the prosecutor's closing argument in full, we are of the opinion that the comment was clearly within the bounds of the wide latitude of discussion allowed by each side in closing arguments. *Kennedy v. State*, 640

---

1. Those six factors are: 1) an experienced police officer; 2) making a voluntary statement; 3) wilfully jabbed; 4) which injects information of other crimes; 5) calculated to prejudice the defendant; and, 6) which does in fact prejudice the defendant. *Bruner* at 1378–79.

P.2d 971 (Okl.Cr.1982); *King v. State*, 640 P.2d 983 (Okl.Cr.1982), cert. denied, 456 U.S. 1011, 102 S.Ct. 2306, 73 L.Ed.2d 1307 (1982).

Defendant next asserts that the following remark was a "societal alarm" statement that unfairly prejudiced him: "You are the ones that will determine we as a community will allow this kind of conduct to continue." (OR. 133–34) This comment, made in the first stage of trial, was but one isolated remark and not emphasized and in view of the strong evidence of guilt, this Court is unable to see how the remark could have determined the verdict.

Additionally we note that the defendant failed to object at trial to either allegedly improper comment, nor did he include this assignment of error in his motion for new trial, therefore his argument is not properly before this Court. *Vigil v. State*, 666 P.2d 1293 (Okl.Cr.1983); *Ellis v. State*, 652 P.2d 770 (Okl.Cr.1982). This assignment of error is without merit.

Accordingly, the judgment and sentence appealed from is AFFIRMED.

PARKS, J., concurs.

BRETT, J., concurs in results.