**Donna Lee BECHTEL, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–85–763.**

Court of Criminal Appeals of Oklahoma.

June 19, 1987.

As Corrected July 1, 1987.

Rehearing Denied July 22, 1987.

Carl Hughes, Michael McGuire, Oklahoma City, and Patrick A. Williams, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., M. Caroline Emerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

Donna Lee Bechtel, appellant, was tried by jury for the crime of Murder in the First Degree in violation of 21 O.S.1981, § 701.7, in Case No. CRF–84–9550 in the District Court of Oklahoma County. The jury returned a verdict of guilty and set punishment at life imprisonment. The trial court sentenced the defendant in accordance with the jury's verdict. From this judgment and sentence, the appellant appeals to this Court.

We deem it unnecessary to recite the facts of this case inasmuch as the case must be reversed and remanded for a new trial.

The appellant raises eight assignments of error on appeal. After a thorough review of the record and all issues raised, we agree that the appellant has shown sufficient error to merit a reversal of her judgment and sentence. Only the issue on which our reversal is based will be discussed.

The appellant claims that she was denied her right of cross-examination and confrontation when the trial court denied a key witness from giving an opinion as to whether the appellant was competent to knowingly and intelligently waive her *Miranda* rights. We agree. We should also note that the trial court denied the same witness

from testifying as to the same matter during a pretrial motion to suppress.

The record indicates that both arresting officers in this case were allowed to testify as to their opinion that the appellant was competent to waive her *Miranda* rights. However, the witness, who had known the appellant for over forty years, and who had observed the entire incident, was denied the opportunity to testify as to her opinion of the appellant's waiver. In sustaining the State's objection, the trial judge declared that he was not going to make this witness the jury in the case. The defense then made an offer of proof that if allowed to testify, this witness would declare that the appellant did not knowingly and intelligently waive her rights.

This issue presents for analysis 12 O.S. 1981, § 2701 of the Oklahoma Evidence Code. That section provides:

If the witness is not testifying as an expert, his testimony in the form of opinion or inference is limited to those opinions or inferences which are:

1. Rationally based on the perception of the witness; and

2. Helpful to a clear understanding of his testimony or the determination of a fact in issue.

We are of the opinion that the opinion testimony of the witness meets both these requirements. Her testimony would be rationally based on her first-hand perception of the incident, and helpful to a determination of the fact in issue. As the subcommittee notes to § 2701 state, opinion testimony by lay witnesses retains the traditional objection of putting the trier of fact in a position to obtain an accurate reproduction of the event.

The record reveals that the appellant was both emotionally and physically unstable during the entire interrogation at her home. One officer testified that the appellant was visibly distraught. Another officer testified that the appellant became sick and had to be escorted to the kitchen sink and allowed to vomit. A witness testified that the appellant had the dry heaves. The record also reveals that the appellant had

to be laid on the floor on three separate occasions due to her physical condition. The record indicates that the appellant hyperventilated on more than one occasion. One officer was apparently so concerned about the appellant that he requested an AMCare medic to remain at the house in case the appellant required medical attention.

We find the State's argument, that the witness was physically too far away to be able to determine the appellant's state of mind, to be meritless. The record indicates that the witness maintained constant visual contact with the appellant, and was seated never more than twenty feet away.

The question of whether or not a lay witness is qualified to testify as to any matter of opinion is a preliminary determination within the sound discretion of the trial court whose decision must be upheld unless shown to be clearly erroneous or a clear result of an abuse of judicial discretion. *Randolph v. Collectramatic, Inc.,* 590 F.2d 844 (10th Cir.1979). We find such an abuse of judicial discretion. An opinion as to whether someone is competent to waive his rights is not a matter of expertise limited only to police officers, simply because they are the ones who advise of the rights. We believe the jury was also entitled to hear the witness' opinion, as they were to determine whether the appellant knowingly and intelligently waived her rights.

Finally, while not ruling on these matters, we want to address our concern to one of the appellant's propositions as to the manner in which this trial was conducted. The record contains numerous accounts of side bar remarks made during trial by both sides. However, most of them came from the prosecution. We want to stress the danger in an attorney's expression of personal opinion, especially a prosecutor, at any time during the trial. As the United States Supreme Court stated in *United States v. Young,* 470 U.S. 1, 105 S.Ct. 1038, 1048, 84 L.Ed.2d 1:

> The prosecutor's opinion carries with it the imprimatur of the Government and may induce the jury to trust the Govern-

ment's judgment rather than its own view of the evidence.

This Court simply will not tolerate improper conduct by any attorney and we strongly encourage admonishments from the bench to control any uncalled for behavior. We emphasize, as did the Supreme Court in *Young,* that the trial judge has the responsibility to maintain decorum in keeping with the nature of the proceeding; the judge is not a mere moderator, but is the governor of the trial for the purpose of assuring its proper conduct. As Judge Bussey warned in *Chandler v. State,* 572 P.2d 285 (Okl.Cr. 1977),:

> When a review of the entire record reveals numerous irregularities that tend to prejudice the rights of the defendant, and where a cumulation of said irregularities denies the defendant a fair trial, the case will be reversed, even though one of said errors standing alone would not be ample to justify reversal.

Even though the appellant's objections in this case were consistently sustained, the continuing course of conduct on the part of the prosecution could have influenced the jury. *Sonnier v. State,* 597 P.2d 771 (Okl.Cr. 1979).

We therefore hold that this case should be, and the same is hereby, REVERSED AND REMANDED FOR A NEW TRIAL, consistent with this opinion.

BUSSEY, J., concurs in results.

PARKS, J., specially concurs.

PARKS, Judge, specially concurring:

Although I agree with everything said by my brother Judge Brett in his opinion, I feel compelled to address the issue of prosecutorial misconduct because of its pervasive and flagrant nature in the instant case. The behavior of the prosecutors can only be described as outrageous, and clearly violated the accused's right to a fair trial free from prejudice. *See Tobler v. State,* 688 P.2d 350, 353 (Okl.Cr.1984). In this case, the prosecutors improperly vouched for the credibility of the State's witnesses, stated that the defense was "attempting to smoke screen" the jury, and asserted that

defense counsel and his witnesses were "lying." This Court cannot and will not tolerate officers of the court engaging in such conduct, which is in violation of Section 3–5.8(b) of *The ABA Standards for Criminal Justice, The Prosecution Function,* (1980), and the standards set forth in DR 7–106(C)(4) & (6) of the *Oklahoma Code of Professional Responsibility,* 5 O.S.1981, Ch. 1, App. 3. Section 3–5.8(b) of *The ABA Standards, supra,* states in relevant part:

> (b) It is unprofessional conduct for the prosecutor to express his or her personal belief or opinion as to the truth or falsity of any testimony or evidence or the guilt of the defendant.

The *Oklahoma Code of Professional Responsibility,* DR 7–106(C) states in relevant part:

> In appearing in his professional capacity before a tribunal, a lawyer shall not: (4) Assert his personal opinion as to the justness of a cause, as to the credibility of a witness, as to the culpability of a civil litigant, or as to the guilt or innocence of an accused; but he may argue, on his analysis of the evidence, for any position or conclusion with respect to the matters stated herein.
> (6) Engage in undignified or discourteous conduct which is degrading to a tribunal.

5 O.S.1981, Ch. 1, App. 3.

All officers of the court, whether prosecutors or defense counsel, are expected to be aware of, and to conduct themselves in compliance with, the foregoing standards. In addition, a remark was made which, when taken in context, can only be understood as accusing defense counsel of fabricating evidence. This uncalled for and unsupported remark constituted an improper attack on the credibility and character of defense counsel. *See Stout v. State,* 693 P.2d 617, 627 (Okl.Cr.1984). The record shows that the trial judge informed the prosecutor at the bench that the remark was "an improper statement" and that: "I wouldn't be surprised if he hit you frankly." This Court will not tolerate personal attacks upon opposing counsel. While zeal

is an admirable quality in a prosecutor, he or she should not lose sight of the fact that his primary duty is not to convict, but to see that justice is done. *See Tobler, supra,* at 354. On the basis of the foregoing, I concur.