**Jarvis Cleveland CRAFT, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–85–531.**

Court of Criminal Appeals of Oklahoma.

Oct. 7, 1987.

Johnie O'Neal, Asst. Public Defender, Karin J. Chatfield, Legal Intern, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

PARKS, Judge:

The appellant, Jarvis Cleveland Craft, was tried by jury in Tulsa County District Court, Case No. CRF–84–4026, and convicted of Grand Larceny, After Former Conviction of a Felony, in violation of 21 O.S. Supp.1982 § 1704, before the Honorable Donald C. Lane, District Judge. The jury returned a verdict of guilty and set punishment at twenty-two (22) years imprisonment. Judgment and sentence was imposed in accordance with the jury's verdict. We affirm.

For his sole assignment of error, appellant claims that the trial court erred in instructing the jury on flight. The instruction given, from the Oklahoma Uniform Jury Instructions, reads as follows:

Evidence has been introduced of the defendant's departure shortly after the alleged crime was committed. You must first determine whether this action by the defendant constituted flight.

The term flight, as it is used in this instruction, means more than departure or concealment. To be in flight, a defendant must have departed with a consciousness of guilt in order to avoid arrest.

To find that the defendant was in flight you must find beyond a reasonable doubt that: First, the defendant departed; Second, with a consciousness of guilt; Third, in order to avoid arrest for the crime with which he is charged.

If, after a consideration of all the evidence on this issue, you find beyond a reasonable doubt that the defendant was in flight, then this flight is a circumstance which you may consider with all the other evidence in the case in determining the question of the defendant's guilt or innocence. However, if you have a reasonable doubt that the defendant was in flight, then the fact of any departure is not a circumstance for you to consider.

■ Appellant claims that the language "[e]vidence has been introduced of the defendant's departure" assumes that the defendant and the perpetrator were one and the same; that is, that the defendant was the person who committed the robbery. We disagree. Initially, we note that appellant did not submit a written alternate instruction to the trial court for consideration. The defendant has a duty to prepare and present its own instructions if it is unsatisfied with the court's. Failure to submit such an instruction waives any error for appellate review. *McDonald v. State*, 674 P.2d 51, 53–54 (Okl.Cr.1984). We also note that the third paragraph of the instruction also tells the jury that there are three elements it must find before it can determine that the defendant was in flight. One of those elements is simply that it was the defendant who departed. Each of those elements must be found beyond a reasonable doubt. Additionally, the last sentence of the instruction states that "if you have a reasonable doubt that the defendant was in flight, then the fact of any departure is not a circumstance for you to consider." We interpret this as stressing that it is the defendant who must be found to be in flight.

■ Arguably, any instruction, dissected into small enough sections, could be interpreted in a way to prejudice a defendant. However, an instruction must be read in its entirety to determine if it properly places the question of fact before the jury. *Gonzales v. State*, 480 P.2d 930, 937 (Okl. Cr.1970). Instructions to be given the jury are within the discretion of the trial court, and that judgment will not be disturbed as long as the instructions, taken as a whole, state the applicable law fairly and accurately. *See Allison v. State*, 675 P.2d 142, 151 (Okl.Cr.1983).

■ Finally, the evidence in the record was uncontroverted that the appellant was the person who robbed the jewelry store. All five people associated with the store testified at the trial, and all five were positive that appellant was the person who fled the store with two diamond pendants. The imitation leather jacket appellant was wearing at the time of the theft was also identified by witnesses at the trial. Additionally, one of the employees followed appellant when he left the store. She lost sight of him for a short time, but had no trouble recognizing him when he was apprehended moments later. A passerby saw the store employee chasing the man and entered the chase, quickly apprehending him. Almost all of the witnesses also identified appellant as the thief due to the peculiar hairstyle he was wearing at the time of the robbery. Appellant presented no evidence to refute these facts. In short, the evidence tending to place appellant at the scene was uncontroverted. Accordingly, we fail to see how appellant was unfairly prejudiced by the flight instruction given. *Mills v. State*, 594 P.2d 374, 382 (Okl.Cr.1979). *See also Gonzales, supra,* for a similar fact situation in which a similar instruction was used.

Having found appellant's sole proposition without merit, the judgment and sentence is AFFIRMED.

BRETT, P.J., and BUSSEY, J., concur.