**Loyad J. CAROL, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–84–850.**

Court of Criminal Appeals of Oklahoma.

May 27, 1988.

D. Lynne Hunt, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

The appellant Loyad J. Carol, was tried by jury for the crime of Rape in the First Degree in violation of 21 O.S.Supp.1983, § 1114 in Case No. CRF–83–120 in the District Court of LeFlore County. The jury returned a verdict of guilty and set punishment at twenty-five (25) years' imprisonment. The trial court sentenced the defendant in accordance with the jury's verdict. From this judgment and sentence, the appellant appeals to this Court.

The trial record reveals, that on or about September 15 through September 18, 1980, the appellant's wife was away from their home in Big Cedar, Oklahoma, while attending a relative's funeral in New Mexico. During those three days, the appellant remained at their home taking care of his three children and four step-daughters. The appellant's step-daughter and victim, J.F., then ten-years-old, testified that some time over the three-day period, her stepfather "punished" her for wetting her bed, by having sexual intercourse with her in her bedroom.

T.C., the appellant's oldest daughter, testified that one day during this three-day period, her father sent her and the other children except the victim, out of the house. After an hour or so the children returned to the house from a nearby pond. T.C. testified that she and some of the other children looked into the girls' bedroom through a rip in the plastic covering the bedroom window. At that time, T.C. saw her father, naked, on top of her sister, J.F., "going up and down." The appellant denied ever having punished J.F. for bed wetting and denied having had sexual intercourse with the victim.

The appellant's first assignment of error alleges that the appellant was denied a fair trial because of prosecutorial misconduct during the trial proceeding. He specifically raises several arguments: improper use of leading questions, improper injection of personal beliefs in opening and closing argument, improper appeal to jury sympathy, improper personal attack of defense counsel, improper comments on witnesses not called, and improper use of other crimes evidence.

The appellant concedes in his brief that the prosecutor's allegedly injurious comments were not met with contemporaneous objections. The record reveals that defense counsel raised objections in only three instances relevant to a determination of this assignment of error. It is a general rule of this Court, that when the prosecution makes an objectionable statement, it is incumbent upon defense counsel to call the statement to the attention of the trial court by making a timely objection. *Reid v. State,* 733 P.2d 1355 (Okl.Cr.1987).

■ The appellant first asserts that the prosecutor repeatedly asked leading questions of the prosecutrix during his direct examination. Defense counsel objected to only two of these questions as leading the witness. The decision of whether to permit leading questions is largely a matter of discretion on the part of the trial judge.

*Cooper v. State,* 671 P.2d 1168 (Okl.Cr. 1983). The trial judge permitted leading questions to be asked of appellant's thirteen-year-old step-daughter, who was testifying about an extremely sensitive subject that occurred while she was ten-years old. We find no abuse of discretion.

■ The appellant next asserts that the prosecutor improperly injected his personal opinions into his opening and closing argument. Once again, defense counsel failed to object to any of these statements. Appellant directs our attention to several statements made, many of which were qualified with phrases such as, "I think ...," "I think you can infer ..." or "that is the most important in my mind." This Court has set forth the permissible boundaries of comment in closing and opening argument:

> The right of argument contemplates a liberal freedom of speech, and the range of discussion, illustration, and argumentation is wide. Counsel for both the State and defendant have a right to discuss fully from their standpoint the evidence, and the inferences and deductions.

*Price v. State,* 518 P.2d 1281, 1283 (Okl.Cr. 1974) quoting *Valenti v. State,* 392 P.2d 59 (Okl.Cr.1964).

The American Bar Association recognizes that prosecutors may argue all reasonable inferences from the evidence in the record. A.B.A. Standards for Criminal Justice, § 3–5.8 (1980). However, it is "unprofessional conduct for the prosecutor to express his or her personal belief or opinion as to the truth or falsity of any testimony or evidence...." A.B.A. Standards for Criminal Justice, § 3–5.8(b). The commentary provides that this type of problem can be easily avoided by qualifying such statements with phrases such as "The evidence shows ..." or something similar.

The prosecutor's opening and closing arguments fell properly within the wide range of argumentation allowed. Although one unqualified statement in closing argument as to the truth of the testimony given by the State's witnesses was impermissible, this comment falls far short of constituting reversible fundamental error.

■ Appellant next asserts that the prosecutor improperly appealed to the jury's sympathy, referring to the prosecutor's comments that the victim would never forget the pain of having to testify against her step-father. Again, no objection was made. This comment falls "within the bounds of the wide latitude of discussion allowed" in closing argument, and as such, is not grounds for prosecutorial misconduct. *Croan v. State,* 682 P.2d 236 (Okl. Cr.1984).

■ Appellant next asserts that the prosecutor improperly attacked defense counsel. The allegedly improper statement was made in the prosecutor's closing argument: "That's what I think to describe what Mary Ann's [the defense counsel] been talking as a smoke screen." This comment appears to have been directed at defense counsel's interpretation of the evidence in closing argument, and not at defense counsel personally.

■ Appellant further directs us to comments made by the prosecuting attorney concerning witnesses that had not been called to trial. The defense attorney first commented on the failure of the victim's other siblings to testify. The prosecutor then responded to this comment in his closing argument: "if Mary Ann thought they would have helped her client's case today, she'd have had 'em up here...." Again, no objection was made. It is the general rule that "where a person may be a material witness in a defendant's behalf and he is not placed upon the stand by the accused nor his absence accounted for, failure to produce him as a witness is a legitimate comment in the argument of the State." *Assadollah v. State,* 632 P.2d 1215, 1219 (Okl.Cr.1981). Additionally, it is the general rule that otherwise improper prosecutorial remarks are not grounds for reversal where they are invited, provoked or occasioned by accused's counsel or are in reply to his statements. *Neal v. State,* 506 P.2d 936, 942 (Okl.Cr.1973).

■ Appellant finally asserts that the prosecutor improperly used other crimes evidence in his closing argument, thus denying him a fair trial. As we understand the appellant's contention, he does not object to the other crimes evidence which was admitted during trial testimony. He contends that the prosecutor's "most egregious misconduct" occurred when he referred to the other crimes evidence in his closing argument.

Once again the record is silent as to any objection to the comments, which thereby waives all but fundamental error on appeal. Our review of the record for fundamental error leads us to conclude that the prosecutor's comments were permissible. *Davis v. State,* 413 P.2d 920 (Okl.Cr.1966); *Price v. State,* 518 P.2d 1281 (Okl.Cr.1974). Furthermore, the appellant has failed to show any prejudice resulting from these comments, which is a requirement for reversal based on prosecutorial misconduct. *Sands v. State,* 542 P.2d 209, 213 (Okl.Cr.1975). Because our careful analysis of the comments fails to reveal any misconduct, this assignment is without merit.

The appellant asserts in his second assignment of error that he was denied a fair trial because of ineffective trial counsel. Appellant insists that certain errors made by his attorney, when viewed together, resulted in a violation of his Sixth Amendment right to counsel. These errors are: 1) failure to object, 2) opening the door to other-crimes evidence, 3) failure to request instructions, and 4) attempting to withdraw from the case.

The United States Supreme Court has set forth the proper test that we must use in determining whether a criminal defendant has received effective assistance of counsel. In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Court enunciated a two-pronged approach: first, the defendant must show that his counsel's performance was deficient, and second, he must show that this deficient performance prejudiced his defense. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. The "proper standard of attorney performance is that of reasonably

effective assistance," and the defendant must demonstrate that his attorney's representation falls below "an objective standard of reasonableness." *Id.,* 466 U.S. at 687–88, 104 S.Ct. at 2064. The appellant's alleged deficiencies, viewed either individually or collectively, cannot be construed to constitute ineffective assistance of counsel.

■ Appellant first claims that defense counsel's failure to object to the prosecutor's allegedly improper comments, and her failure to object to leading questions, constitute acts which illustrate her ineffective assistance. The record reveals that defense counsel did object to the State's leading questions twice. In general, the decision of when and if to object is a matter of trial tactics and strategy. *Fisher v. State,* 736 P.2d 1003, 1013 (Okl.Cr.1987). Having already found the prosecutor's comments to be permissible and within the realm of proper argument, we find that appellant has failed to show how his attorney's failure to object constitutes a deficiency.

■ Appellant also contends that defense counsel's failure to request instructions was a critical error which deprived him of a fair trial. However, the appellant fails to tell us which instructions should have been given. The trial record reveals that neither the prosecution nor defense counsel submitted instructions. This Court has recently stated:

Instructions to be given the jury are within the discretion of the trial court, and the judgment will not be disturbed as long as the instructions, taken as a whole, state the applicable law fairly and accurately.

*Craft v. State,* 744 P.2d 210 (Okl.Cr.1987). Our review of the instructions reveals that they fairly and accurately represented the applicable law. Appellant was not prejudiced by his trial counsel's failure to submit any instructions.

■ The appellant also asserts that the attempt of defense counsel to withdraw as his attorney one week prior to trial, somehow in and of itself, deprived him of a fair trial. The pretrial motion to withdraw reveals that defense counsel sought withdrawal after the appellant refused to ac-

cept her recommendation to plea-bargain, and after he had requested another attorney. Appellant gives us no clue as to why we should find that an attorney's motion to withdraw is ipso facto evidence of her ineffectiveness at trial.

■ The appellant argues that defense counsel's performance at trial was deficient because she opened the door to other crimes evidence, failed to request a limiting instruction and failed to ensure the prosecutor's proper use of same. First, we note that a limiting instruction was given by the trial court and that the prosecutor properly commented on the evidence. Although defense counsel erred in opening the door to this evidence, we cannot find that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Fisher*, 736 P.2d at 1012.

■ The appellant's last asserted instance of his attorney's deficient performance was her failure to file a motion for new trial. While we recognize that it is trial counsel's responsibility to file all jurisdictional documents in order to perfect an appeal, we fail to understand how this has prejudiced his appeal with this Court. Therefore, we hold that appellant has failed to sustain his burden of demonstrating that his Sixth Amendment right to the effective assistance of counsel was violated.

Finding no error warranting reversal or modification, judgment and sentence is AFFIRMED.

PARKS, J., specially concurs.

BUSSEY, J., concurs in results.

PARKS, J., specially concurring:

I write separately to address the issue of prosecutorial misconduct. Although I agree that the prosecutor's actions do not warrant reversal as they were not objected to at trial, I must point out that his comments were highly improper.

In the present case, the prosecutor repeatedly vouched for the credibility of the State's witnesses and asserted that the defense counsel was confusing the issues with a "smoke screen." As I stated in my separate opinion in *Bechtel v. State*, 738 P.2d 559, 562 (Okla.Crim.App.1987), this Court will not condone an officer of the court injecting his personal beliefs into the case or vouching for the credibility of his witnesses. However, I cannot say that the prosecutor's comments rose to the level of fundamental error.

Accordingly, I concur.