Charles Leon **BRIGMAN**, Appellant,

v.

**STATE of Oklahoma,** Appellee.

No. F–85–374.

Court of Criminal Appeals of Oklahoma.

Sept. 8, 1988.

Gloyd L. McCoy, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Charles Leon Brigman, was charged, tried and convicted by jury of Unlawful Possession of Marijuana With Intent to Distribute After Former Conviction of a Felony in the District Court of Bryan County in Case No. CRF–84–15. He was sentenced to ten (10) years imprisonment, and he appeals. We AFFIRM.

The appellant does not dispute the facts. He was arrested after a legal search of his mobile home on January 15, 1984. The search uncovered several baggies full of marijuana and a number of firearms. At trial, evidence of a 1972 felony driving under the influence of alcohol conviction, for which he was sentenced to two (2) years imprisonment, was admitted.

The appellant's first assignment argues that the trial court erred by giving a jury instruction shifting the burden of proof of showing the ten (10) year limit on prior convictions set out in 21 O.S.1981, § 51(A) had been exceeded. We have long held that jury instructions are within the sound discretion of the trial court. This Court will not disturb a trial court's decision unless it can be shown that the instructions failed to represent the applicable law of this State. *Craft v. State*, 744 P.2d 210 (Okl.Cr.1987). In *Goodwin v. State*, 730 P.2d 1202 (Okl.Cr.1987), this Court reaffirmed its position that the defendant must bear the burden of proof that his prior conviction is outside the ten (10) year minimum set out in 21 O.S.1981, § 51(A). *Id.* at 1204. The trial court's instruction represented the applicable law of the State. The appellant's first assignment is without merit.

Next, the appellant contends that his sentence was improperly enhanced by the outdated prior conviction. He relies upon an affidavit presented by the records manager of the Department of Corrections. The affidavit reflects that the appellant's discharge from the Department of Corrections was not final until April 27, 1975. The instant crime was committed on January 14, 1984, less than nine (9) years from appellant's discharge from the Department of Corrections. This clearly falls within the ten (10) year range set out in 21 O.S. 1981, § 51(A). There was no improper enhancement; therefore the appellant's second assignment is without merit. Judgment and sentence are, therefore, AFFIRMED.

BRETT, P.J., and PARKS, J., concur.