**Ronnell Keith GREER, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–85–514.**

Court of Criminal Appeals of Oklahoma.

Sept. 9, 1988.

Rehearing Denied Nov. 10, 1988.

Mark Barrett, Norman, for appellant.

Michael Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Presiding Judge:

Appellant, Ronnell Keith Greer, was tried by jury in the Stephens County District Court, Case No. CRF–84–198 and found guilty of Second Degree Burglary, After Former Conviction of a Felony, in violation of 21 O.S.1981, §§ 1435 and 51(B). The trial court sentenced appellant to ten years' imprisonment in accordance with the jury's verdict. From this judgment and sentence appellant has perfected his appeal to this Court.

On October 22, 1984, George Fields returned to his home in Duncan, Oklahoma, to find that it had been burglarized. His front door, made partially of glass, had been smashed in and the interior of his house ransacked. Several items of value had been removed from the house. After investigating the scene and lifting fingerprints, local policemen arrested appellant at his home. Appellant told police that he had never been to Fields's home. However, OSBI agent Bruce Spence testified that the prints found at Fields's home matched those taken from appellant.

Appellant asserts in his first proposition of error that the State presented insufficient evidence to support a guilty verdict. Because the evidence presented against him was purely circumstantial, appellant contends that his presence at Fields's home must be proved beyond a reasonable doubt, that the State must disprove every reasonable hypothesis other than guilt, and finally that the State must demonstrate more than a suspicion of guilt.

In *Spuehler v. State,* 709 P.2d 202 (Okl. Cr.1985) this Court set forth the following standard for determining the sufficiency of evidence: whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This test is appropriate where the jury's verdict is based on either direct evidence or a combination of direct and circumstantial evidence. *Riley v. State,* 760 P.2d 198 (Okl. Cr.1988).

The evidence presented in the case at bar was wholly circumstantial; therefore, the *Spuehler* test is not applicable. It is our opinion that the "reasonable hypothesis" test is the better standard when reviewing a verdict based solely upon circumstantial evidence. *See Riley.* This test requires only that the State's evidence exclude every reasonable hypothesis other than guilt. *Banks v. State* 728 P.2d 497 (Okl.Cr.1986); *Copling v. State* 600 P.2d 353 (Okl.Cr.1979).

In the case at bar, appellant smashed the glass in the victim's front door to gain entrance to the house. The glass from the door was lying both inside and outside the house when the police arrived. The officers removed fingerprints from glass lying in both places but failed to appropriately mark whether the prints were found on the inside or outside of the pane. The police officers testified that fingerprints matching appellant's were lifted from the broken glass but could not identify the prints lifted from glass inside the house. It is for this reason that appellant argues his conviction cannot stand. However, after carefully reviewing *Humphrey v. State,* 485 P.2d 782

(Okl.Cr.1971), we have determined that his argument is non-persuasive:

[W]here there is evidence showing that the fingerprints of the accused were found in the place where the crime was committed under such circumstances that they could have been impressed only at the time of the crime, it may be sufficient to sustain a conviction.

*Id.,* 485 P.2d at 783.

The defendant in *Humphrey* was convicted of second degree burglary primarily on fingerprint evidence. The facts in that case are relevant to the resolution of this case. The defendant in *Humphrey* left his fingerprints on the victim's car which was parked in her garage and had not been driven for a week. Because the defendant was not acquainted with the victim, it was established that the defendant would have had the opportunity to be in contact with the victim's car only if he had been present during the commission of the crime.

■ In the case at bar appellant did not testify, but at the time of his arrest he stated that he did not know Fields and had never been to his house. However, OSBI agent Bruce Spence testified that prints found at Fields's home conclusively matched those of appellant's. Although these facts differ significantly from those in *Humphrey,* we are of the opinion that the fingerprint evidence, coupled with appellant's insistence that he was never at Fields's home, sufficiently meet the *Humphrey* standard. In meeting the *Humphrey* standard, this evidence necessarily satisfies the "reasonable hypothesis" test. From this, it follows that the evidence clearly demonstrates more than a suspicion of guilt. For these reasons, we decline to reverse on this proposition of error.

■ Appellant's second assignment of error urges that the trial judge committed reversible error in admitting hearsay testimony into evidence. However, after reviewing the complained of testimony and the trial transcript, we conclude that this argument is unfounded. To constitute hearsay, testimony must be offered to prove the truth of the matter asserted. 12 O.S.1981 § 2801(3); *Thompson v. State,* 705 P.2d 188 (Okl.Cr.1985); *Godwin v.*

*State* 625 P.2d 1262 (Okl.Cr.1981). The testimony at issue in the case at bar does not fall within that definition.

The trial transcript reflects that defense counsel's proper objections prevented Officer Calger from testifying as to what the informant told him. However, Officer Calger was permitted to testify as to what action he took as a result of the conversation with the informant. It is a well-settled principle of this Court that the Hearsay Rule does not preclude testimony offered to show that a statement was made, or that certain actions resulted from a conversation with a third person. *Id.,* 625 P.2d at 1265; *Garcia v. State,* 639 P.2d 88 (Okl.Cr. 1981); *Dunagan v. State,* 734 P.2d 291 (Okl.Cr.1987). Therefore, Calger's testimony explaining why appellant became a suspect in the case was not inadmissible hearsay testimony. Appellant's second assignment of error fails.

■ In his third assignment of error, appellant alleges that his conviction should be reversed due to improper prosecutorial statements. While we agree that certain statements made by the prosecutor were improper, we have concluded that they do not warrant a reversal of appellant's conviction. This Court finds particularly offensive the remark that defense counsel was throwing up a "smoke screen to confuse the jury and play upon their sympathies." This Court has previously held that it will not condone such improper remarks. *Bechtel v. State,* 738 P.2d 559 (Okl.Cr. 1987). However, in light of the fact that appellant received only the minimum allowable sentence under the statute, we cannot say that he was unfairly prejudiced by this remark. Therefore, appellant's third assignment of error must also fail.

For the foregoing reasons, the judgment and sentence of the trial court is AFFIRMED.

PARKS, J., concurs.

BUSSEY, J., concurs in result.